Mikel Ray Brown
2942 Foss Circle
Bountiful, UT 84010
Email: mikebrown@reagan.com
phone: 801-390-0058

FILED US District Court-UT
JUL 15 '22 PM 04:12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

<table>
<tr><td>

**MIKEL RAY BROWN,**

*Plaintiff,*

v.

**DARRELL GRIGGS,**
**SETH DALTON, GREG HOLLEY,**
**WADE BREUR, ROGER DANIELS,**
**ERNEST PETERSON, and**
**UTAH HIGHWAY PATROL, a Corporation,**

*Defendants.*

</td><td>

**VERIFIED COMPLAINT AND PETITION FOR DECLARATORY JUDGEMENT**

Case: 1:22-cv-00091
Assigned To : Romero, Cecilia M.
Assign. Date : 7/15/2022
Description: Brown v Dalton et al

</td></tr>
</table>

## VERIFIED COMPLAINT AND PETITION FOR DECLARATORY JUDGEMENT

*NOW COMES* Plaintiff, MIKEL RAY BROWN, hereinafter referred to as "Brown" or "Plaintiff," in this court of record, being one of the sovereign people of Utah neither in the capacity as a citizen of the STATE OF UTAH nor as a citizen of the United States, to freely exercise his right to a trial by jury in a suit at common law guaranteed to him by the seventh amendment to the United States Constitution. Plaintiff will show that he was subjected to deprivation of rights under the color of state law secured by the United States Constitution and Utah Constitution. Plaintiff will show that said deprivation of constitutionally secured rights amounted to predicate acts, practiced and participated in, by all Defendants

who are public servants, who violated their sacred oaths of office, and who exceeded their scope and authority granted to them by We The People. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## **PARTIES**

1. The Plaintiff, MIKEL RAY BROWN, (Herein after Plaintiff) is a Private Citizen of Utah" state" and owns a piece of land situated within, but outside, the limits and jurisdiction of THE STATE OF UTAH, and can sue or be sued.

2. The Defendant, DARRELL GRIGGS in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

3. The Defendant, SETH DALTON in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

4. The Defendant, GREG HOLLEY in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

5. The Defendant, WADE BREUR in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

6. The Defendant, ROGER DANIELS in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

7. The Defendant, ERNEST PETERSON in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

8. The Defendant, UTAH HIGHWAY PATROL and other interested Parties (Herein after Defendant or Defendants collectively) is a political subdivision of the "State" of Utah, and can sue and be sued.

9.  On information and belief, all Defendants are, or were at the time of the events complained of herein, employed by the UTAH HIGHWAY PATROL as State Troopers, or acting under the authority and orders of the UTAH HIGHWAY PATROL.

10. The UTAH HIGHWAY PATROL is a political subdivision of the "State" of Utah within the District of Utah.

11. At all times material to this Complaint, the Defendants were acting under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the UTAH HIGHWAY PATROL.

## VENUE

12. On information and belief, all parties are either reside in, or are a political subdivision of, the District of Utah, State of Utah, and the events giving rise to the claims asserted herein occurred within said district, therefore, venue is proper.

## JURISDICTION

13. This Court has subject matter jurisdiction over this case pursuant to title 28 U.S.C. § 1331, as this action arises under violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by named Defendants; under title 28 U.S.C. § 1343(a)(3), in that it is brought to prevent imminent deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under title 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutionally secured rights; under title 28 U.S.C. § 2201 and 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiff's right in property.

14. Plaintiff is NOT a member of the B.A.R. Association and is proceeding pro se in this action.

    Furthermore, the courts have held that action that is brought by sovereign individuals, is not to be held

    to the same high standards as action brought by licensed attorneys. All that is required is that the

    pleading be in a format that "*any reasonable person could understand*" which this pleading conforms

    to.

## FACTS OF THE CASE

15. Exhibit-1 (Citizen's Verified Criminal Complaint & City's Motion to Dismiss) is included by

    reference as though fully stated herein.

16. Plaintiff is one of the people of the State of Utah. As such, he is guaranteed certain unalienable rights

    which are guaranteed to him by the United States Constitution and the Utah Constitution. At all times

    during the course of this action, these rights were in place for the enjoyment of the Plaintiff as all are

    equal under the law and under the eyes of God.

17. On or about March 1st, 2022, Plaintiff attends a public meeting within the Utah State Capitol

    Complex debating the proposed (at the time) legislation on HB60. Plaintiff reasonably expects to be

    able to access this place of public accommodation unmolested as this meeting is open to the public.

18. Upon arriving, Plaintiff, along with everyone else attending as the public, is given a sticker from an

    unknown women in the audience that read "Vote Yes, HB60". Plaintiff receives two stickers, and

    places one on his hat, the other on his shirt and takes a seat to listen to the debate.

19. At about this time, Defendant DARRELL GRIGGS approaches Plaintiff and informs him that he will

    need to remove the stickers. Plaintiff inquires as to why as he has been to numerous other debate

    meetings and been allowed to wear similar stickers.

20. Defendant GRIGGS replies that it is a rule to which Plaintiff replies that he has not heard of that rule

    before.

21. On or about this time, Plaintiff approaches Defendant WADE BREUR, a Lieutenant with the Utah Highway Patrol, who was in attendance as security for the Utah State Capitol.

22. Plaintiff asks Defendant BREUR what the rule was in regards to the stickers and his reply was something to the effect of "Whatever the senate chair says has the same effect as law."

23. Notwithstanding this information, Plaintiff is allowed to keep the stickers on and retakes his seat.

24. At about this time, Plaintiff notices several of the Defendants, including Defendant GRIGGS, speaking with the chair of the senate committee, presumably about the stickers that said "Vote Yes, HB60.".

25. The chair of the committee then opens the meeting.

26. Right as the meeting began, the chairman indicated that they were going to review some of the rules of the meeting and that they also have rules specific to their committee meetings.

27. Plaintiff is not a member of the Utah State Senate nor is employed by anyone within this organization and is under no obligation or duty to follow "their committee rules" or "public comment meeting rules" as a private citizen.

28. At some point, the chair announces that he was not going to allow political signs or stickers and informs the audience to remove the political stickers.

29. On or about this time, the chair states that he felt that there were some within attendance that were not following his order to remove the stickers. He then places the meeting in a 5 minute recess to allow the audience time to comply. He then struck the gavel.

30. As soon as the gavel was struck, Defendant GRIGGS, who was directly behind Plaintiff, said "please remove the stickers." Plaintiff then says, "Ok, do you want the sticker?" Plaintiff then hands Defendant GRIGGS one of the stickers, and removes the other and places it under his leg, not visible to anyone else.

31. Nevertheless, Defendant GRIGGS is not satisfied with this and demands that Plaintiff give him the other sticker that is no longer visible. Plaintiff replies that he would like to keep it and that he complied with the chairs' request to remove the stickers from view.

32. Defendant GRIGGS then says that he still wants the non-visible sticker nonetheless.

33. At about this time, Plaintiff removes his cell phone from his pocket and begins recording the events. It should be noted that there are others in attendance that do the same.

34. There is another man in the audience who then questions Defendant GRIGGS about his pin on his lapel which appeared to be the Ukrainian flag and asks, "that's political, isn't it?"

35. Plaintiff agreed with this man and said , "yeah, isn't that a political statement?"

36. At this time, Defendant GRIGGS then motions for the other Defendants from the UTAH HIGHWAY PATROL to come over.

37. These Defendants then ask those sitting on either side of Plaintiff to move out of the way, and 2, unknown at the time, Defendants approach from Plaintiff's right and then Defendant GREG HOLLEY on Plaintiff's left.

38. Defendant HOLLEY then says to Plaintiff, "I want you to come with me."

39. Plaintiff replies that he complied with the chair's order and removed the stickers.

40. Notwithstanding this information, Defendant HOLLEY continues to say that Plaintiff needs to come with him or Plaintiff would be arrested. Plaintiff continues to say that he complied with the order and removed the stickers and that the meeting is in recess.

41. Defendant HOLLEY, and the two other unknown at the time Troopers, are presumed to be armed with deadly weapons and continue to tell Plaintiff that he must come with them.

42. At or about this time, Defendant HOLLEY physically grabs Plaintiff by the right arm, and he and the other two Defendants physically dragged Plaintiff forcefully to the side of the room.

43. Due to the stress from this physical contact, and the amount of duress of the situation, Plaintiff immediately has a panic attack and goes limp. Defendant Troopers then forcefully place handcuffs on Plaintiff.

44. The aforementioned conduct was wholly unnecessary and unreasonable, as Plaintiff was not threatening, resisting, or otherwise failing to comply with the other Defendants 'orders at this point or at any point during the encounter.

45. Defendant Troopers then continue to drag Plaintiff physically into the hallway and drop him on the ground.

46. Due to the panic attack and traumatic stress of the event, Plaintiff called out for help from anyone.

47. At about this time the Defendants decided to pick the Plaintiff up by all fours and carried him down a flight of stairs, up another flight of stairs to an elevator.

48. Plaintiff struck the ground causing injuries to his legs, knees, and arms and elbows.

49. The entire time this is happening, Plaintiff is asking for help from anyone standing by. No one comes to help.

50. The Defendants take the Plaintiff into the elevator, down to the basement level of the Capitol building, and then continued to pull the Plaintiff via all fours into a room, and set him on a chair.

51. Around this time, a friend of the Plaintiff who was attending the same meeting sent Plaintiff a text message and said that there was a lawyer with her that wanted to speak with Plaintiff.

52. Plaintiff told the Defendant Troopers that he wanted to speak with his lawyer.

53. Defendant Troopers denied the Plaintiff's request and would not let him speak with his lawyer.

54. During this entire time Plaintiff was in the basement, he was still handcuffed and could overhear the Defendant Troopers discussing what to charge the Plaintiff with.

55. One of the Defendant Troopers asked, "Was it the shirt? Was it the sticker?" (Plaintiff was wearing a shirt that said We The People)

56. Defendant Troopers appeared to not know what crime Plaintiff had committed, but detained him nonetheless still.

57. Plaintiff then asks Defendant Troopers, "Are you going to read me my rights?"

58. Defendant Troopers finally read Plaintiff his rights.

59. At one point after this, Plaintiff can hear Defendant Troopers joking about how Plaintiff was flopping around like a fish and seemed to be having fun at the expense and humiliation of Plaintiff.

60. It was at this time Plaintiff informs Defendant Troopers that the reason he was acting that way was because he was having a panic attack.

61. Defendant Troopers finally acknowledge Plaintiff's health and call for medical to come and check his vitals.

62. After nearly an hour detained in handcuffs in the basement, Defendant Troopers walked Plaintiff through the parking garage up through the stairway and out the front side door.

63. Defendant Troopers then remove the handcuffs and issue Plaintiff a citation for disrupting a meeting, Utah Criminal Code 76-9-103.

64. After some time, Plaintiff receives from the Prosecuting Attorney a Motion to Dismiss this case as in their words, *"......In this instance, with the available evidence(video), and the apparent confusion regarding what was and was not permitted speech and expected comportment in a public hearing, the prosecution has reached the conclusion that this matter does not meet the criminal standard of proof beyond a reasonable doubt...."*

65. Plaintiff's case is then dismissed without prejudice.


## FIRST CAUSE OF ACTION: DECLARATORY JUDGEMENT AND FEDERAL QUESTION


66.  Plaintiff adopts and re-alleges paragraphs 1 through 65 of this complaint as though fully stated herein.

67. The Defendants did enforce a mandate/rule under the color of law that has not been properly enacted by the State of Utah legislature to enforce upon and extinguish the rights of the Plaintiff, to the bitter end of forcing Plaintiff into involuntary servitude. The mandate enforced by the Defendants has not been enacted by the State of Utah according to the provisions of Article 6, section 26 of the Utah Constitution.

68. The Defendants, DARRELL GRIGGS, SETH DALTON, GREG HOLLEY, WADE BREUR, ROGER DANIELS, and ERNEST PETERSON, on or about March 1st, 2022 did trespass upon Plaintiff's rights, without due process of law, without probable cause and without a proper warrant, to deprive the Plaintiff of his constitutionally secured rights and in violation of title 18 § U.S.C. 241 and 242 as well as Utah Code Ann § 76-8-201 .

69. To make a civil infraction out of the use of, and the right to, access public accommodations and peaceably assemble, is an arbitrary and capricious abuse of legislative discretion, without due process of law, such conduct is a direct assault on the Plaintiff's rights without consideration and in disregard of the facts.

70. On or about March 1st, 2022 the Defendants did deny rights clearly belonging to Plaintiff, under the guise of enactment of state laws and federal laws, among others, without just compensation.

71. **1st Federal Question:** When in the course of the business affairs of the Defendants, coming against the rights belonging to Plaintiff, are the Defendants subject to uphold Plaintiffs' constitutionally guaranteed rights? Plaintiff contends yes, but Defendants did not.

72. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional 'mandates' against Plaintiff.

73. **2nd Federal Question:** Must laws enacted by the State of Utah and adopted by the Defendants, be in compliance with Article VI section 26 of the Utah Constitution? Plaintiff contends yes, but said laws have not been properly enacted by the state for the Defendants to adopt.

74. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional laws against Plaintiff.

75. **3rd Federal Question:** Must the Defendants comply with Federal law, Utah law, the United States Constitution, and the Constitution of the State of Utah? The Plaintiff contends yes, but Defendants did not.

76. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional, unlawful actions against Plaintiff.

Wherefore, Plaintiff requests judgment against Defendants.

## SECOND CAUSE OF ACTION: 42 USC § 1983 FALSE ARREST

77. Plaintiff adopts and re-alleges paragraphs 1 through 76 of this complaint as though fully stated herein.

78. As described in the preceding paragraphs, the Defendants unlawfully detained and falsely arrested Plaintiff without legal justification or probable cause.

79. Defendants knew that Plaintiff had not committed any crimes and still continued to effectuate the arrest, detention, and prosecution of Plaintiff for the charge.

80. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

81. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

82. As a result of the unjustified violation of Plaintiff's rights by the Defendants, Plaintiff has suffered injury, including emotional distress.

## THIRD CAUSE OF ACTION: 42 USC § 1983 EXCESSIVE FORCE

83. Plaintiff adopts and re-alleges paragraphs 1 through 82 of this complaint as though fully stated herein.

84. As a result of the Defendant Officers 'unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

85. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

86. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

87. The aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

88. As a result of the Defendant Officers 'unjustified and excessive use of force Plaintiff has, as a direct and proximate cause, suffered pain and injury, including emotional distress.

## FOURTH CAUSE OF ACTION: 42 USC § 1983
## FALSE IMPRISONMENT

89. Plaintiff adopts and re-alleges paragraphs 1 through 88 of this complaint as though fully stated herein.

90. Plaintiff was imprisoned by the Defendant Officers, and thereby had his liberty to move about unlawfully restrained, despite the Defendants 'knowledge that there was no probable cause for doing so.

91. The actions of the Defendants were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

92. As a result of the wrongful infringement of Plaintiff's rights, Plaintiff has, as a direct and proximate cause, suffered injury, including emotional distress.

93. As described above, the Defendants' conduct was undertaken within the scope of their employment such that their employer, UTAH HIGHWAY PATROL is liable for their actions.

## FIFTH CAUSE OF ACTION: 42 USC § 1983
## CONSPIRACY TO COMMIT CONSTITUTIONAL VIOLATIONS

94. Plaintiff adopts and re-alleges paragraphs 1 through 93 of this complaint as though fully stated herein.

95. As discussed in greater detail above, the Defendants conspired with each other to cause damage to the Plaintiff by:

    1. Agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

    2. Agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct;

    3.  Agreeing to generate reports and other documents which omitted material facts relating to the arrest and containing patent falsities.

96. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

## SIXTH CAUSE OF ACTION: 42 USC § 1983
## FAILURE TO INTERVENE

97. Plaintiff adopts and re-alleges paragraphs 1 through 96 of this complaint as though fully stated herein.

98. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

99. As a result of the Defendants' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress..

100.   The Defendants 'actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

101.   The misconduct described in this Count was undertaken by the Defendants within the scope of their employment and under color of law.

## SEVENTH CAUSE OF ACTION: 42 USC § 1983
## MALICIOUS PROSECUTION

102.   Plaintiff adopts and re-alleges paragraphs 1 through 101 of this complaint as though fully stated herein.

103.   As described more fully above, the Defendants commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendants knew there was no probable cause, and the criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence as the case was dismissed at the request of the prosecuting authority.

104.   The Defendants' actions were undertaken intentionally, with malice and reckless indifference to the rights of others—specifically, the Plaintiff's.

105.    The Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

106.    Statements and reports of the Defendants regarding Plaintiff's alleged criminal culpability were  made with knowledge that the statements were false.

107.    As a result of the Defendants 'malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injury, including emotional distress.

## EIGHTH CASUE OF ACTION:
## STATE LAW CLAIM: AGGRAVATED ASSAULT AND BATTERY

108.    Plaintiff adopts and re-alleges paragraphs 1 through 107 of this complaint as though fully stated herein.

109.    As described more fully in the preceding paragraphs, Defendants 'used unnecessary and  unreasonable force against Plaintiff,  which included harmful and offensive touching.

110.    At that time, Plaintiff had a reasonable apprehension that he was in considerable danger and would be subjected to great bodily harm. Additionally, Defendants were presumed to be armed with deadly weapons. Plaintiff had a reasonable belief that those deadly weapons would be used against him if he did not comply.

111.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others—specifically, the Plaintiff.

112.    As described in the preceding paragraphs, the conduct of the Defendants, acting under color of law and within the scope of their employment, was undertaken willfully and  wantonly,  proximately causing Plaintiff's injuries.

## NINTH CAUSE OF ACTION: STATE LAW CLAIM:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113.    Plaintiff adopts and re-alleges paragraphs 1 through 112 of this complaint as though fully stated herein.

114.    In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including, but not limited to:

    1.  Putting him in extremely tight handcuffs that were not properly locked so that they continually got tighter and caused more and more pain and discomfort;

    2.  Threw Plaintiff to the ground causing injuries to his arms, legs, elbows, and knees;

    3.  Refused Plaintiff's request to exercise his right to speak with his attorney;

    4.  Held Plaintiff in custody for more than an hour, without presenting him to a magistrate, while laughing at his expense at how Plaintiff was "flopping around like a fish."

115.    The Defendants intended that their conduct would cause severe emotional distress to the Plaintiff and knew that there was a high probability that their conduct would cause severe emotional distress to the Plaintiff.

116.    The misconduct described in this count was undertaken with  malice, willfulness, and reckless indifference to the rights of others.

117.    As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

## TENTH CAUSE OF ACTION:

## STATE LAW CLAIM: *RESPONDEAT SUPERIOR*

118.    Plaintiff adopts and re-alleges paragraphs 1 through 117 of this complaint as though fully stated herein.

119.    In committing the acts alleged in the preceding paragraphs, the Defendants were acting as members and agents of the UTAH HIGHWAY PATROL acting at all relevant times within the scope of their employment.

120.    Defendant UTAH HIGHWAY PATROL is liable as principal for all torts committed by its agents when acting as its agent.

## ELEVENTH CAUSE OF ACTION:

## STATE LAW CLAIM: *INDEMNIFICATION*

121.    Plaintiff adopts and re-alleges paragraphs 1 through 120 of this complaint as though fully stated herein.

122.     Utah law provides that public entities are directed to pay any tort

judgment for compensatory damages for which employees are liable within the scope of their

employment activities.

123.     The Defendants are employees of the UTAH HIGHWAY PATROL, and

who acted within the scope of their employment in committing the misconduct described

herein.


WHEREFORE, Plaintiff, MIKEL RAY BROWN, respectfully requests that this Court enter judgment in

his favor against Defendants, DARRELL GRIGGS, SETH DALTON, GREG HOLLEY, WADE

BREUR, ROGER DANIELS, ERNEST PETERSON, and the UTAH HIGHWAY PATROL, awarding

compensatory damages and fees, along with punitive damages against the DEFENDANTS in their

individual capacity, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, MIKEL RAY BROWN, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) as well as pursuant to the seventh amendment to the United State Constitution on all issues so triable.

*RESPECTFULLY SUBMITTED THIS _____ Day of July, 2022*

_____

Mikel Ray Brown

Mikel Ray Brown
2942 Foss Circle
Bountiful, UT 84010
Email: mikebrown@reagan.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MIKEL RAY BROWN,** | **AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT AND PETITION FOR DECLARATORY JUDGEMENT** |
| *Plaintiff,* | |
| v. | |
| **DARRELL GRIGGS, SETH DALTON, GREG HOLLEY, WADE BREUR, ROGER DANIELS, ERNEST PETERSON, and UTAH HIGHWAY PATROL, a Corporation,** | **Case No:** _____ |
| *Defendants.* | **JURY TRIAL DEMANDED** |

  I, Mikel Ray Brown, am the named Plaintiff above and state and swear before God, under penalty of perjury, under the laws of the United States, that the following is true and correct to the best of my knowledge:

1. I am over the age of 18 and am competent to testify before this court.

2. I am the Plaintiff in the above-entitled action and I am familiar with the files, records and pleadings in this matter.

3. The facts set forth in this complaint are true and correct to the best of my knowledge.

RESPECTFULLY SUBMITTED THIS _5_ day of July, 2022.

Sworn to and subscribed before me this _15_ day of _July_, 2022.

Notary Public

Dan Baddley

My Commission Expires: _5-24-2025_



DAN BADDLEY
NOTARY PUBLIC ● STATE OF UTAH
COMMISSION NO. 718317
COMM. EXP. 5-24-2025