EXHIBIT I

# OFFICE OF THE UTAH ATTORNEY GENERAL
## SEAN REYES - ATTORNEY GENERAL

| | |
|---|---|
| **MIKEL RAY BROWN**<br>*Plaintiff,*<br><br>v.<br><br>**SETH DALTON, GREG HOLLEY,<br>WADE BREUR, ROGER DANIELS,<br>ERNEST PETERSON, & DARRELL GRIGGS**<br><br>*Defendants,* | **CITIZEN'S VERIFIED<br>CRIMINAL COMPLAINT**<br><br>Case: 1:22-cv-00091<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 7/15/2022<br>Description: Brown v Dalton et al |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 1, 2022, in the county of Salt Lake, in the State of Utah, District of Utah, the defendants violated:

| *Code Section* | *Offense Description* |
|---|---|
| Utah Criminal Code § 76-5-102 - Assault | (1) Assault is:<br>  (a) an attempt, with unlawful force or violence, to do bodily injury to another; or<br>  (b) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.<br><br>(2) Assault is a class B misdemeanor.<br><br>(3) Assault is a class A misdemeanor if:<br>  (a) the person causes substantial bodily injury to another; or<br>  (b) the victim is pregnant and the person has knowledge of the pregnancy. |

| Utah Criminal Code § 76-5-103 - Aggravated Assault | (1) Aggravated assault is an actor's conduct: (a) that is: (i) an attempt, with unlawful force or violence, to do bodily injury to another; (ii) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or (iii) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another; and (b) that includes the use of: (i) a dangerous weapon as defined in Section 76-1-601; (ii) any act that impedes the breathing or the circulation of blood of another person by the actor's use of unlawful force or violence that is likely to produce a loss of consciousness by: (A) applying pressure to the neck or throat of a person; or (B) obstructing the nose, mouth, or airway of a person; or (iii) other means or force likely to produce death or serious bodily injury. (2) (a) Any act under this section is punishable as a third degree felony, except that an act under this section is punishable as a second degree felony if: (i) the act results in serious bodily injury; or (ii) an act under Subsection (1)(b)(ii) produces a loss of consciousness. (b) Aggravated assault that is a violation of Section 76-5-210, Targeting a law enforcement officer, and results in serious bodily injury is a first degree felony. |
|---|---|
| Utah Criminal Code § 76-5-301 - Kidnapping | (1) An actor commits kidnapping if the actor intentionally or knowingly, without authority of law, and against the will of the victim: (a) detains or restrains the victim for any substantial period of time; (b) detains or restrains the victim in circumstances exposing the victim to risk of bodily injury; (c) holds the victim in involuntary servitude; (d) detains or restrains a minor without the consent of the minor's parent or legal guardian or the consent of a person acting in loco parentis, if the minor is 14 years of age or older but younger than 18 years of age; or |

| *Code Section* | *Offense Description* |
|---|---|
| | (e) moves the victim any substantial distance or across a state line.<br><br>(2) As used in this section, acting "against the will of the victim" includes acting without the consent of the legal guardian or custodian of a victim who is a mentally incompetent person.<br><br>(3) Kidnapping is a second degree felony. |
| Utah Criminal Code § 76-5-302 - Aggravated Kidnapping | (1) An actor commits aggravated kidnapping if the actor, in the course of committing unlawful detention or kidnapping:<br><br>(a) uses or threatens to use a dangerous weapon as defined in Section 76-1-601; or (b) acts with intent:<br><br>(i) to hold the victim for ransom or reward, or as a shield or hostage, or to compel a third person to engage in particular conduct or to forbear from engaging in particular conduct;<br><br>(ii) to facilitate the commission, attempted commission, or flight after commission or attempted commission of a felony;<br><br>(iii) to hinder or delay the discovery of or reporting of a felony;<br>(iv) to inflict bodily injury on or to terrorize the victim or another individual;<br>(v) to interfere with the performance of any governmental or political function; or<br>(vi) to commit a sexual offense as described in Title 76, Chapter 5, Part 4, Sexual Offenses.<br><br>(2) As used in this section, "in the course of committing unlawful detention or kidnapping" means in the course of committing, attempting to commit, or in the immediate flight after the attempt or commission of a violation of:<br><br>(a) Section 76-5-301, kidnapping; or<br><br>(b) Section 76-5-304, unlawful detention.<br>(3) Aggravated kidnapping in the course of committing unlawful detention is a third degree felony. (4) Aggravated kidnapping is a first degree felony punishable by a term of imprisonment of: |

| Code Section | Offense Description |
|---|---|
| Utah Criminal Code § 76-5-302 - Aggravated Kidnapping | (a) except as provided in Subsection (4)(b), (4)(c), or (5), not less than 15 years and which may be for life;<br><br>(b) except as provided in Subsection (4)(c) or (5), life without parole, if the trier of fact finds that during the course of the commission of the aggravated kidnapping the defendant caused serious bodily injury to the victim or another individual; or<br><br>(c) life without parole, if the trier of fact finds that at the time of the commission of the aggravated kidnapping, the defendant was previously convicted of a grievous sexual offense.<br><br>(5) If, when imposing a sentence under Subsection (4)(a) or (b), a court finds that a lesser term than the term described in Subsection (4)(a) or (b) is in the interests of justice and states the reasons for this finding on the record, the court may impose a term of imprisonment of not less than:<br><br>(a) for purposes of Subsection (4)(b), 15 years and which may be for life; or (b) for purposes of Subsection (4)(a) or (b):<br><br>(i) 10 years and which may be for life; or<br><br>(ii) six years and which may be for life.<br><br>(6) The provisions of Subsection (5) do not apply when a person is sentenced under Subsection (4)(c).<br><br>(7) Subsections (4)(b) and (c) do not apply if the defendant was younger than 18 years of age at the time of the offense.<br><br>(8) Imprisonment under Subsection (4) is mandatory in accordance with Section 76-3-406. |

| Code Section | Offense Description |
|---|---|
| Utah Criminal Code § 76-5-304 - Unlawful Detention | (1) An actor commits unlawful detention if the actor intentionally or knowingly, without authority of law, and against the will of the victim, detains or restrains the victim under circumstances not constituting a violation of:<br><br>(a) kidnapping, Section 76-5-301; or<br><br>(b) child kidnapping, Section 76-5-301.1. |

**This criminal complaint is based on these facts:**

The defendants did on or about on March 1st, 2022, engage with the Complainant unlawfully while Complainant was exercising his full and free enjoyment to lawfully access a place of public accommodation when he accessed the Utah State Capitol building.

Complainant was wearing a sticker that said "Vote Yes, HB60" and Complainant attended a public meeting on the debate of the HB60 bill. The chair of the meeting, at some point, asked that the public audience remove the stickers as, in his words, it violated the rules of the committee. On or about that point, the chair of the meeting put the meeting into a 5 minute recess in order for the public audience to comply with the request.

Complainant has a first amendment protected right to free speech and to assemble peaceably. Even though the request from the committee chair was unconstitutional, Complainant complied with the request and removed the sticker. Although not asked to turn it in, Complainant gave Defendant DARRELL GRIGGS the sticker.

Nevertheless and notwithstanding the aforementioned, Defendant DARRELL GRIGGS took issue with Complainant. Defendant DARRELL GRIGGS attempted to confiscate from Complainant another sticker that was on the floor or chair, at which point Complainant objected and respectfully said that he would keep it.

At this point in time, Defendant DARRELL GRIGGS notifies Defendant SETH DALTON, who then notifies the other Defendants, GREG HOLLEY, WADE BREUR, ROGER DANIELS, ERNEST PETERSON, (hereinafter "State Defendants") who are presumed to be armed with deadly weapons, and then harass the Complainant further by telling him that since he decided not to comply with the request, that he was being removed from the meeting. Complainant couldn't understand what was happening because he complied with the request to remove the sticker. However, the State Defendants continued to harass Complainant about leaving the meeting.

About this time, Complainant informs the State Defendants that he would not be leaving the meeting as he had committed no crime against anyone nor had he disrupted a meeting as the meeting was put into recess by the committee chair. Notwithstanding this statement, State Defendants then placed their hands on Complainant to forcefully remove him from the room. State Defendants gave no verbal probable cause for their actions, presented no warrant for Complainants arrest, nor did they present a search warrant. State Defendants do not have qualified immunity when they are unable to present any of the aforementioned items.

State Defendants then inform Complainant that he is under arrest. They then place handcuffs on Complainant, then forcibly assault Complainant and kidnap him from the room. They then take him to the elevator and then take him to the basement to wait, with the physical restraints still attached. Complainant is forced to wait while State Defendants try to decide what to do with Complainant. Complainant is unlawfully detained, against his will, and made to wait for an hour. Complainant was afforded no opportunity to confer with his assistance of counsel. Additionally, Complainant was not brought before a Magistrate to review the affidavit of probable cause.

After some time, Complainant is issued a "citation" and is then released without further incident.

## REQUEST FOR GRAND JURY EMPANELMENT

Complainant hereby requests that this honorable court impanel a Grand Jury for the purpose of investigating this complaint further, and the taking of sworn testimony is support of this complaint as these crimes threaten the peace and security of the People of Utah and is conduct unbecoming of Officers of the Court.

_Complainants' Signature_

Mike Brown, Plahtiff
_Printed Name and Title_

Sworn to before me and signed in my presence:

Date: 05/04/2022

City and state: North Salt Lake, UT

_Notary Signature_

Zane Griffin, Personal Banker
_Printed Name and Title_

My commission expires: 01-27-25



ZANE GRIFFIN
NOTARY PUBLIC • STATE OF UTAH
COMMISSION NO. 716419
COMM. EXP. 1-27-2025
_Notary Seal_

ZANE GRIFFIN
NOTARY PUBLIC • STATE OF UTAH
COMMISSION NO. 716419
COMM. EXP. 1-27-2025

The Order of the Court is stated below:
Dated: April 29, 2022 /s/ CLEMENS A LANDAU
06:25:17 PM Justice Court Judge

Office of the Salt Lake City Prosecutor
Sim Gill, Bar No. 6389
Salt Lake City Prosecutor
Scott A. Fisher, Bar No. 6728
First Assistant City Prosecutor
35 East 500 South, 2nd Floor
Salt Lake City, Utah 84111
Telephone: 385-468-7900

## IN THE SALT LAKE CITY JUSTICE COURT

## SALT LAKE COUNTY, STATE OF UTAH

| SALT LAKE CITY, A Municipal Corporation, on behalf of the State of Utah<br>Plaintiff,<br>VS.<br>MIKEL RAY BROWN,<br>Defendant. | **ORDER<br>TO DISMISS**<br>(PROPOSED)<br>CASE NO. 221400977<br><br>JUDGE CLEMENS A. LANDAU |
|---|---|

FOR GOOD CAUSE SHOWING, it is hereby ordered that:

The captioned matter is dismissed without prejudice.

**Court signature and date appear above.**

Sim Gill, Bar No. 6389
Salt Lake City Prosecutor
Scott A. Fisher, Bar No. 6728
First Assistant City Prosecutor
Office of the Salt Lake City Prosecutor
35 East 500 South, 2nd Floor
Salt Lake City, Utah 84111
Telephone: 385-468-7900

## IN THE SALT LAKE CITY JUSTICE COURT

## IN AND FOR THE CITY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| SALT LAKE CITY, a Municipal Corporation, on behalf of the State of Utah<br><br>Plaintiff,<br><br>vs.<br><br>MIKEL RAY BROWN,<br><br>Defendant. | **MOTION TO DISMISS**<br><br>Court Case Number 221400977<br><br>LEO No.<br><br>Judge Clemens A. Landau |

Plaintiff Salt Lake City Corporation, through SIM GILL, Salt Lake City Prosecutor, and the undersigned counsel, hereby submits the following Motion to Dismiss, and respectfully requests that the Court the accompanying Order to Dismiss, based on the following.

For matters involving free speech, the constitutional standard is a strict one:

> *¶20 The constitutional guarantee of freedom of speech does not allow "the government to punish the use of words or language outside of 'narrowly limited classes of speech.' " Logan City v. Huber, 786 P.2d 1372, 1374 (Utah Ct. App. 1990) (quoting Gooding v. Wilson, 405 U.S. 518, 521–22, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972)). "Those limited classes of unprotected speech" include "the obscene, the libelous, fighting words, and certain language that incites." Id. at 1374–75 (cleaned up).  \* \* \* \* Fighting words are defined as words that "tend to incite an immediate breach of the peace by the person to whom they are directly addressed."[9] Id. at 1375.*

Lehi City v. Rickabaugh, 2021 UT App 36, ¶ 20, 487 P.3d 453, 460, cert. denied, 496 P.3d 714 (Utah 2021)

For a criminal prosecution, limits on language for or against a particular legislative proposal would have to meet the standard as obscene, libelous, fighting words, or inciting.

The charge submitted by citation for the prosecution and the court's consideration in this matter was:

> ***76-9-103 Disrupting a meeting or procession.***
> *(1) A person is guilty of disrupting a meeting or procession if, intending to prevent or disrupt a lawful meeting, procession, or gathering, he obstructs or interferes with the meeting, procession, or gathering by physical action, verbal utterance, or any other means.*
> *(2) Disrupting a meeting or procession is a class B misdemeanor.*
> *Enacted by Chapter 196, 1973 General Session*

Where conduct, and not language, disrupts a lawful meeting, the specific intent must be to prevent, disrupt, obstruct, or interfere. In this instance, with the available evidence, and the apparent confusion regarding what was and was not permitted speech and expected comportment in a public hearing, the prosecution has reached the conclusion that this matter does not meet the criminal standard of proof beyond a reasonable doubt resulting in a reasonable likelihood of success at trial, and the prosecution respectfully requests that the court dismiss the matter without prejudice.

A proposed order is also submitted for the court's consideration.

Dated this 27th day of April, 2022.

/s/ Scott A. Fisher
Scott A. Fisher, Bar No. 6728
First Assistant City Prosecutor
RE: 221400977

## CERTIFICATE OF DELIVERY

The undersigned hereby certifies that on the 27th day of April, 2022, they delivered a true and correct copy of the foregoing **MOTION TO DISMISS** to the entity/person listed below by:

( ) U.S. Mail

(X) Electronic Mail

TO:

(X)  Attorney for the Defendant
     Steven Burton, Esq.
     sburton@intermountainlegal.net

( )  Defendant


*/s/ Scott Fisher*
Office of the Salt Lake City Prosecutor
35 East 500 South, 2nd Floor
Salt Lake City, Utah 84111
Telephone: 385-468-7900