FILED
2022 NOV 4
CLERK
U.S. DISTRICT COURT

Mikel Ray Brown
2942 Foss Circle
Bountiful, UT 84010
Email: mikebrown@reagan.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

**MIKEL RAY BROWN,**

     *Plaintiff,*

**v.**

**DARRELL GRIGGS,** individually and in his capacity as Sergeant-at-Arms of the Utah State Senate

and

**DANIEL MCCAY,** individually and in his capacity as Chair for Utah Senate Revenue and Taxation Standing Committee; 952 N 200 E St, Unit 952 Spanish Fork, UT 84660

and

**SETH DALTON,** individually and in his capacity as a Trooper for the Utah Highway Patrol

and

**GREG HOLLEY,** individually and in his capacity as a Trooper for the Utah Highway Patrol

and

**WADE BREUR,** individually and in his capacity as a Trooper for the Utah Highway Patrol

and

**ROGER DANIELS,** individually and in his capacity as a Trooper for the Utah Highway Patrol

and

**ERNEST PETERSON,** individually and in his capacity as a Trooper for the Utah Highway Patrol

and

**MICHAEL RAPICH,** in his official capacity as Superintendent of the Utah Highway Patrol; 4501 South 2700 West, Salt Lake City, UT 84129

     *Defendants.*

**PLAINTIFF'S OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Case No. 1:22-cv-00091

District Judge Robert J. Shelby

**TO THE HONORABLE JUDGE OF THE COURT:**

Plaintiff Mikel Ray Brown ("Plaintiff") files this opposition as a response to Defendants' Darrell Griggs, Daniel McCay, Seth Dalton, Greg Holley, Wade Breur, Roger Daniels, Ernest Peterson, and Michael Rapich (hereinafter collectively "Defendants") motion to dismiss [ECF no. 34].

The basis for this opposition is Defendant's motion, filed by Defendant's counsel, is procedurally improper in that the law requires that this dispositive motion be filed under Fed.R.Civ.P 12(c), a motion for judgment on the pleadings, after the pleadings have closed - but early enough not to delay trial. A rule 12(c) motion is designed to provide a means to dispose of cases when the material facts are not in dispute between the parties. However, as Plaintiff will outline in the memorandum below, there are still a number of material facts at dispute in this case.

Additionally, counsel wishes this Court to consider material evidence that is outside the four corners of the complaint and is not part of the record up to this point. The law requires that summary judgment procedure must be used and that affidavits, depositions, or answers to interrogatories must be used to authenticate such evidence.

For this, and the reasons listed below, the law requires denial of Defendants' motion to dismiss.

# 1. <u>TABLE OF CONTENTS</u>

1. TABLE OF CONTENTS ...........................................................................................................2

2. MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION .............................................3

2.1.   INTRODUCTION ............................................................................................................3
2.2.   Motion to Dismiss Standard...........................................................................................6
2.3.   Summary of Argument....................................................................................................7
2.4.   Defendants' Motion is Moot, Defenses Are Meritless ................................................9

4. COUNSEL'S MOTION IS IMPROPER UNDER RULE 12(b)(6) ......................................18

5. CONCLUSION .....................................................................................................................20

## 2.    <u>MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION</u>

### 2.1.    <u>INTRODUCTION</u>

Must the inviolate rights belonging to the sovereign people of Utah be strictly guaranteed by and protected by public and elected servants?  According to the United States Constitution and the Utah Constitution, yes. However, that's not what happened in this case at hand. The very purpose of government is to protect and guarantee the rights of the people, as so eloquently stated in the Declaration of Independence.… "that governments are instituted among men to protect these rights…"

Defendants would have this court believe that the Plaintiff has failed to state a claim upon which relief can be granted. However, the complaint tells a different story. One of how the Plaintiffs' rights were thrown to the side of the road like yesterday's newspaper, and individuals who are supposed to be public servants, usurped the power granted to them by We The People, in an attempt to impose power over Plaintiff and others and to secure revenue for their employer, under the color of law.

Congress knew all too well how citizens in each state were being subjected to treatment that blatantly violated their constitutionally secured rights under the color of state law which is why they enacted title 42 U.S.C. § 1983. This law is meant to deter state actors from violating the people's rights under the color of state law, which, unfortunately, continues to happen today, and provides remedy if they do.

With this information at hand, counsel seeks dismissal of this action without amendment, discovery, or trial. Counsel's fundamental premise: the Defendants are afforded qualified and legislative immunity.

These arguments, while provocative, ignore three legal aspects: first, the constitutional and statutory violations alleged were clearly established for the enjoyment of Plaintiff and others similarly situated at the time; second, a reasonable person would have known that the conduct complained of in the

complaint would violate those rights, privileges, or immunities, to which qualified immunity is not an affirmative defense at that point; and third, legislative immunity only protects legislators who are engaged in "legitimate legislative activity" and are acting within their scope and authority as statutorily defined.

In the end, the law does not belie common sense: a legislator and political subdivisions of the executive branch purport to control the very people that granted them their powers and authority by making the people believe that their words are law and are above their God-given, unalienable rights. Separation of powers be dammed. The conduct complained of is appalling and egregious and is conduct of tyrants, not public servants, and definitely not government by the people, of the people, and for the people.

The creation [the legislative branch and the executive branch] purport to exert more control over the creator, i.e. the People. This legislator nor the members of the political subdivision of the executive branch cannot control the People simply by giving verbal demands that are not expressly enumerated by statute and/or the state constitution. With this in mind, the law requires denial of Defendants' motion to dismiss.

## ARGUMENT

At this pleading stage, before discovery, Defendants must cross four successive barriers to dismissal: first, that the facts, assumed to be true at this stage as alleged, cannot possibly constitute a legally cognizable claim; second, that all reasoned inferences from the facts alleged cannot possibly constitute a legally cognizable claim; third, that no set of facts that could be alleged in an amended complaint could possibly constitute a legally cognizable claim; and fourth, that no set of facts that could be discovered in the suit could possibly constitute a legally cognizable claim. Defendants fail each of these when they need to overcome all four.

This is neither about isolated instances of deprivations of rights under the color of state law nor whether each violation by itself would warrant its own separate cause of action. It is about the aggregate totality of violations and the utter and reckless disregard for even the most fundamental rights belonging to the Plaintiff on behalf of the Defendants. As the evidence mounts, the logical inquiry is whether the Defendants willfully acted in complete disregard of the rights belonging to Plaintiff, or if they merely failed to exercise objective reasonableness in knowing that their actions would deny Plaintiff his God-given rights. Either way, the law provides for a remedy in either situation.

At this point, the only question that must be addressed is: did the Plaintiff allege sufficient facts, or could he amend to allege such facts upon discovery, that a jury would find that the Defendants did with wanton disregard to the rights belonging to Plaintiff, and without probable cause, seek to maliciously prosecute him to the bitter end of seeking a conviction? The answer is yes.

Title 42 U.S.C. § 1983 imposes civil liability where a defendant knowingly "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, [who then] shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…" In the context of title 42 U.S.C. § 1983, a Plaintiff must allege that he was subjected to conduct under the color of state law and that the conduct deprived him of his rights, privileges, or immunities guaranteed under federal law and the United States Constitution.

According to the Supreme Court, there is "no heightened pleading rule [that] requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim.." Additionally, "a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability"; *Swierkiewicz v. Sorema N.*

*A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)" Quoting *Johnson v. City of Shelby* (2014) 574 U.S. 10, 11.

 Although counsel might presume to advise the United States Supreme Court, this Court has actual knowledge that Plaintiffs' procedural due process rights require the opportunity to present evidence in support of his claims. For the reasons listed here alone in this summary argument, the Defendants' motion to dismiss cannot even be considered by this court and must be denied.

## 2.2.  Motion to Dismiss Standard

 Defendants have many impediments to dismissal in this case of extraordinary public importance given the precedent it would set. They must show that no facts exist, whether alleged, possibly alleged in an amendment, or discoverable, that provide a basis for either a declaratory judgment, injunctive relief, or title 42 § 1983 cause of action. "When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *Barker v. Riverside Cnty. Off. of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion." See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56; *Woods v. City of Greensboro*, 855 F.3d 639, 652–53 & n.9 (4th Cir. 2017); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "A claim will not be dismissed on a Rule 12(b)(6) motion unless it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations". *Lowe v. Hearst Commc'ns, Inc*., 414 F. Supp. 2d 669 (W.D. Tex. 2006), *aff'd*, 487 F.3d 246, fn. 1 (5th Cir. 2007).

 In trying to meet that standard, Defendants cannot rely on materials outside the four corners of the pleadings as the courts have held that  "when ruling on a Rule 12(b)(6) motion, the district court must

---

examine only the plaintiff's complaint." *Jackson v. Integra Inc*., 952 F.2d 1260, 1261 (10th Cir. 1991). As a result, a court "must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint." *Id*. (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)) Citing *Keller v. Arrieta* (D.N.M., Jan. 15, 2021) Critically, at all times at this pleading stage of the case, all inferences, assumptions and facts, including what amendments could provide and what discovery could show, must be accepted as true against the Defendants.

In a title 42 § 1983 suit, Plaintiff is required to show that "(1) the defendant(s) may have personally participated in the deprivation; (2) the [defendants who are a] supervisory official, after learning of a violation, may have failed to remedy the wrong; (3) the [defendants who are a] supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occur, or allowed such a policy or custom to continue; or (4) the [defendants who are a] supervisory official may be personally liable if he or she is grossly negligent in managing subordinates who caused the unlawful condition or event. *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Citing *Croft v. Harder* (D. Kan. 1989) 730 F. Supp. 342, 353 Plaintiff easily satisfies this burden here.

Plaintiff will address all of Defendants' arguments by proving he pled with particularity that each Defendant violated, or caused to be violated, Plaintiff's inviolate rights secured by the United States Constitution and the Utah Constitution.

For the reasons that follow and the legal standard required for such motions as above articulated, the Defendants utterly fail their burden to compel this court to dismiss Plaintiff's Amended Complaint.

## 2.3.    Summary of Argument

Counsel presents a well articulated argument as to why the amended complaint should be dismissed. However, the motion filed under rule 12(b)(6) constitutes a procedural and substantive nullity

in that they seek dismissal of this case without any testimony on record from their clients or evidence in support of their claims and "facts" that could be admissible later on at trial. At this point, these filings can only be construed to needlessly delay this litigation and incur unnecessary court costs and time.

There are a number of conclusory statements made by counsel in his arguments. However, it is well settled law that counsels for clients are barred from testifying for two reasons: (1) they must have personal knowledge of the situation,[1] and (2), statements of counsel are not evidence and are insufficient for purposes of granting a motion to dismiss or summary conclusion.[2] "Unsworn statements of counsel are totally insufficient to raise a genuine issue as to a material fact." Additionally the court opined "The judgment sought (dismissal) shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Mahoney v. McDonald* (E.D. Pa. 1965)(Emphasis added)

The defendants, by and through their counsel, have failed to meet this heavy burden as there are still genuine issues of material fact left for this Court, and the jury, to adjudicate. Namely, whether or not probable cause existed for the Defendant Troopers to take the action they took, which is a question for the jury as the jury applies the law to the facts and the court declares the law. See *United States v. Park* (1975) 421 U.S. 658

Additionally, counsel wishes to introduce evidence (body-worn camera footage) that is outside the four corners of the complaint. By rule,(Fed.R.Civ.P.12(d)) this motion must be converted for one for summary judgment under rule 56 and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Counsel has failed to submit sworn affidavits to authenticate this

---

[1] Fed.R.Evid. 602

[2] See *Trinsey v. Pagliaro* 229 F. Supp. 647 (E.D. Pa. 1964)

evidence in support for their motion for summary conclusion.  "Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial." *Cinco Enterprises, Inc. V. Benso,* Okla., 890 P.2d 866 (1994).  The 5th circuit court of appeals has noted that "documents submitted as summary judgment evidence must be authenticated" in order for the court to grant the summary judgment motion. See *Duplantis v. Shell Offshore, Inc.* 948 F.2d 187 (5th Cir. 1991)

This court cannot consider Defendants' motion to dismiss as they are unsupported and unauthenticated with sworn affidavits, depositions, or answers to interrogatories. "….it is well-established that a motion for summary judgment must be supported by affidavits, depositions, answers to interrogatories, admissions on file, or other documentary evidence. FED. R. CIV. P. 56(c). In reviewing those materials, "[t]he Court should believe the evidence presented by the nonmovant, and draw all justifiable inferences in his favor."" *Cotter v. Ajilon Servs., Inc.,*287 F.3d 593, 597 (6th Cir. 2002) (citing *Plant v. Morton Int'l, Inc.,*212 F.3d 929, 933-34 (6th Cir. 2000)) United States v. One TRW, Model M14, 7.62 Caliber Rifle 441 F.3d 416, 426 (6th Cir. 2006).

In the interest of judicial economy, Plaintiff will address each of the Defendants' arguments in the sections that follow.

## 2.4.    Defendants' Motion is Moot, Defenses Are Meritless

Counsel's motion to dismiss is technically a demurrer due to the facts that: (1) Counsels facts are, without noticeable exception, a collection of opinions, theories, and conclusions including information which is not material to the core questions to be resolved by this Court, and (2) Counsel's motion attacks not the factual sufficiency of the complaint but the legal sufficiency of the complaint.

However, in the interest of judicial economy and to make this brief easy to follow, Plaintiff will submit to the court the his outline of rebuttal to Defendants' defenses raised in the order they appear in Defendants' motion to dismiss, ECF no. 34.

I.  **QUALIFIED IMMUNITY ARGUMENT**

Counsel makes the argument that Defendants are entitled to qualified immunity due to a number things: (1) officers acted with probable cause, (2) Plaintiff cannot demonstrate that he was treated differently, (3) he was not taken into custody, and (4) his supervisory claims fail. Plaintiff in this brief will show how each these arguments fail and how his complaint sufficiently alleges facts that the court can draw inference from.

(1) **Probable Cause**. Counsel makes the bold assertion that Plaintiffs' constitutional claims should be dismissed on the basis that the arresting officers had probable cause to arrest the Plaintiff. It appears that counsel is attempting to inform this Court that probable cause existed merely because the officers acted under the direction of Defendant GRIGGS verbal orders. This Court has actual knowledge that a determination of probable cause must be made by someone independent from the arresting officers and prosecution. The Supreme Court has held this standard as noted here: "[it is an] accepted fact that someone independent of the police and prosecution must determine probable cause. *Jones* v. *United States, supra; Wong Sun* v. *United States, supra.*" *Shadwick v. City of Tampa* (1972) 407 U.S. 345, 348

Under Utah law, when an officer makes an arrest without a warrant, "the person arrested shall be taken without unnecessary delay to the magistrate in the district court, the precinct of the county, or the municipality in which the offense occurred"….. and "An information stating the charge against the person shall be made before the magistrate." *Utah Code* § 77-7-23(1)(a) The purpose of this statute is to be in accordance with the Utah Constitutional provision under Article I, Section 12 that says

"Where the defendant is otherwise entitled to a preliminary examination, the function of that examination is limited to determining whether ***probable cause exists*** unless otherwise provided by statute." (Emphasis added)

In this case here, the arresting officers made an arrest, without a warrant, and failed to take the Plaintiff without unnecessary delay to the magistrate in the district court, the precinct of the county, or the municipality in which the offense occurred. Further reading into this statute, we find this: "Any officer or person violating this section is guilty of a class B misdemeanor." *Utah Code* § 77-7-23(5)

It's clear from this statute that the Utah Legislature intended to crackdown on these types of arrests by requiring that the arresting officers take the arrested person without unnecessary delay to the nearest magistrate for a determination of probable cause. As the Supreme Court has noted, "someone independent of the police and prosecution must determine probable cause."

For this reason, Counsels' claim that Defendants are entitled to qualified immunity fails.

(2) **Plaintiff cannot demonstrate he was treated differently**. Counsel's claim here fails as well as a review of the evidence supplied by Plaintiff shows clearly that the reason Plaintiff was singled out was in retaliation to the questioning Plaintiff had of Defendant GRIGGS. Plaintiff complied with the requests, multiple times, made to him by Defendant GRIGGS as was attested to by Defendant GRIGGS in the video supplied by Plaintiff. It wasn't until after Plaintiff has asked Defendant GRIGGS the question about the Ukrainian flag lapel pin that Defendant GRIGGS became agitated and motioned for the Defendant Officers to have Plaintiff removed.

Plaintiff had every right to question Defendant GRIGGS' motives and Plaintiff had every right to know the law that was supposedly being enforced. It's clear to see from the evidence that when Defendant GRIGGS couldn't, or didn't want to, answer Plaintiff's questions, Plaintiff was singled out and retaliated against for expressing speech that is protected speech under the first amendment.

(3) **Plaintiff was not taken into custody** Counsel next makes the bold claim that the Plaintiff was not taken into custody. This too is untrue according to the complaint and is confirmed by rulings from the Supreme Court. "The Court emphasized that a person is in "custody" for purposes of the Fifth Amendment only if "there is a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *Id.*, at 1125 (citation omitted)." *Oregon v. Elstad* (1985) 470 U.S. 298, 335 fn. 14

Additionally, at some point during the time Plaintiff was in custody, one of the Defendant officers read him his Miranda rights. The Supreme Court has confirmed that a person is "in custody" under this premise as well. "No less than other facets of *Miranda,* the threshold requirement that the suspect be in "custody" is "designed to give clear guidance to the police." *Yarborough v. Alvarado,* 541 U.S. 652, 668, 669, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). Custody under *Miranda* attaches where there is a "formal arrest" or a "restraint on freedom of movement" akin to formal arrest. *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983)*(per curiam)* (internal quotation marks omitted). This standard is "objective" and turns on how a hypothetical "reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *Stansbury v. California,* 511 U.S. 318, 322–323, 325, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)*(per curiam)* (internal quotation marks omitted). *J.D.B. v. North Carolina* (2011) 564 U.S. 261, 286

For these reasons and ruling from the highest court in the land, Counsel's claim that Plaintiff was not taken into custody fails.

(4) **Supervisory claims.** The final claim that Counsel makes is that the Plaintiff's supervisory claims fail. Counsel makes the claim that Plaintiff failed to allege facts that show that Defendant McCay is directly responsible for the actions taken by Defendant Griggs. Counsel even goes so far as to point out the paragraphs in Plaintiff's complaint that directly contradict the conclusory assertions

made by Counsel.[3] Either Counsel is deliberately attempting to mislead this Court, misread the

complaint, or is deliberately withholding material fact from his motion. Plaintiff's amended complaint

clearly shows that Defendant McCay was the presiding officer in that meeting and that Defendant

Griggs was the sergeant-at-arms during that meeting. Under Utah legislative rules,[4] the sergeant-at-

arms answers to, and is under the direction of, the presiding officer (McCay) or the Senate. Thus,

Defendant McCay is liable to Plaintiff as a supervisor under title 42 § 1983.

Similarly, Defendant Rapich is also liable as laid out in Plaintiff's amended complaint. Counsel

uses the following to justify that Defendant Rapich is not responsible and is therefore immune under

42 § 1983 suits: "Supervisors are only liable under § 1983 for their own culpable involvement in the

violation of a person's constitutional rights" *Serna v. Colorado Dept. of Corrections* (10th Cir. 2006)

455 F.3d 1146. Upon review of this crucial decision from the 10th Circuit, this is what we find: "In

order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates,

a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff

must show an "affirmative link" between the supervisor and the violation, namely the active

participation or acquiescence of the supervisor in the constitutional violation by the subordinates.

*Holland v. Harrington,* 268 F.3d 1179, 1187 (10th Cir. 2001); *Green v. Branson,* 108 F.3d 1296, 1302

(10th Cir. 1997). In this context, the supervisor's state of mind is a critical bridge between the conduct

of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor

liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate

indifference" that a constitutional violation would occur. *Green,* 108 F.3d at 1302; *see also Bass*

---

[3] Am. Compl. ¶¶ 18,21, 22

[4] *Utah Legislative Rule* SR1-4-202

*v.Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999) ("Liability . . . cannot be based upon simple negligence."). *Serna v. Colorado Dept. of Corrections* (10th Cir. 2006) 455 F.3d 1146, 1151-52

Plaintiff clearly satisfies this burden here. The amended complaint clearly outlines the constitutional violations from Defendant Rapich's subordinates, which satisfies the first prong. The second prong is satisfied when Plaintiff sent Defendant Rapich a citizen's verified criminal complaint[5] complaining of the constitutional violations and subsequent crimes committed by the subordinates of Defendant Rapich. Defendant Rapich acted with "deliberate indifference" when he failed to act on the criminal complaint and failed to reprimand the Defendant officers. It is clear that Defendant Rapich's conduct shows that he is indifferent to the constitutional violations made by his subordinates against Plaintiff and Defendant Rapich is complicit in their actions.

For these reasons, Counsel's supervisory claims defenses fail.

## II.   MCCAY IS ENTITLED TO LEGISLATIVE IMMUNITY

Counsel asserts that Defendant McCay is entitled to legislative immunity based on the common law legislative immunity doctrine through the Speech or Debate Clause. This clause protects legislators during the course of "legitimate legislative activity" as outlined by the 9th Circuit Court. "Legislators have an absolute common-law immunity against civil suit for their legislative acts. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 404-05 (1979); *Trevino v. Gates,* 23 F.3d 1480, 1482 (9th Cir.), *cert. denied sub nom. Wachs v. Trevino,* ___ U.S. ___, 115 S.Ct. 327 (1994). This immunity extends to those actions falling within "the sphere of legitimate legislative activity." *Tenney v. Brandhove,* 341 U.S. 367, 376 (1951). *Chappell v. Robbins* (9th Cir. 1996) 73 F.3d 918, 920-21

---

[5] Exhibit 1 attached to the Am. Compl. ¶ 13

However, in order to determine if the acts complained of in the amended complaint entitle Defendant McCay to legislative immunity, we must first determine which acts fall within the "sphere of legislative activity". Reading further in the case above, this is what we find: "In this circuit, we determine whether a particular action is legislative by considering two primary factors. First, does the act involve ad hoc decisionmaking, or the formulation of policy? *Trevino,* 23 F.3d at 1482; *Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 580 (9th Cir. 1984), *cert. denied,* 471 U.S. 1054 (1985). Second, does the act apply to a few individuals, or the public at large? *Trevino,* 23 F.3d at 1482; *Bateson v. Geisse,* 857 F.2d 1300, 1304 (9th Cir. 1988). While the question is necessarily one of degree, the more an action involves policymaking and applies to the entire community, the more likely it is to be classified legislative." *Chappell v. Robbins* (9th Cir. 1996) 73 F.3d 918, 920-21

Additionally, a legislator cannot arbitrarily and capriciously abuse their legislative authority with regards to the citizen's civil rights. "The First Circuit Court of Appeals has held that a Commonwealth agency shall be held to comply strictly with its own rules, especially when taking action that may affect a citizen's civil rights. *Oppenheimer Mendez v. Acevedo,* 512 F.2d 1373, 1374 (1st Cir. 1975). While said case deals with an administrative agency's authority, and not that of the legislature, the principle is the same. When dealing with individuals' liberty, rules should be strictly followed." *Thompson v. Ramirez* (D.P.R. 1984) 597 F. Supp. 730, 735

Plaintiff asked multiple times of Defendant Griggs and Defendant Holley what rule and/or law he was in violation of. No clear answer was ever given. Further, upon review of the legislative rules that Defendant McCay is required to follow, there is no enumerated rule or law that prohibits the silent display of support for or against proposed legislation while attending a standing senate committee meeting. The only rule that can be found, is *Utah Legislative Rule* HR2-2-103(2) which prohibits

signs, banners, placards, and other similar materials in the House Gallery only, not a senate standing committee meeting.

When Defendant McCay issued his verbal order to remove the stickers, his actions were arbitrary and capricious and were clearly outside his scope and authority as enumerated by the legislative rules. His actions fail the scrutiny set forth by the 9th circuit above as his actions did not involve policymaking and was only directed at a few individuals rather than the community at large.

Finally, there is no evidence to support Defendant McCay's actions as this is a requirement to determine if legislative immunity applies. "The Constitution condemns arbitrary and capricious exercise of government power, and, for over a century, American jurisprudence has recognized that administrative fiats not fairly supported by evidence are arbitrary and baseless. *Interstate Commerce Comm'n v. Louisville & Nashville R.R. Co.,* 227 U.S. 88, 91 (1913); *see also Rice v. Shalala,* No. 93-1305, 1 F.3d 1234 (Table), 1993 WL 309631, at *5 n. 6 (4th Cir. Aug. 16, 1993) (acknowledging that substantive due process rights are implicated when Commissioner's decision not supported by substantial evidence). *Wilbur v. Colvin* (N.D.N.Y., May 30, 2014, CIVIL ACTION No. 5:13-110) [pp. 22 fn. 25]

## III. STATE LAW CLAIMS

Counsel claims that the state law claims are barred by the Governmental Immunity Act of Utah, *Utah Code* § 63G-7-201(4)(b), which states: " (4) A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed **within the scope of employment**, if the injury arises out of or in connection with, or results from: (b) except as provided in Subsections 63G-7-301(2)(j), (3), and (4), assault, battery, false imprisonment, false arrest, malicious prosecution,

intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights" (Emphasis added).

In order for this law to provide immunity from the state law claims, the Defendants had to have been acting "within the scope of their authority." This would mean that the Defendants would have had to have probable cause, as determined by an individual independent of the police and prosecution. See *Shadwick v. City of Tampa* (1972) 407 U.S. 345, 348

Counsel would love to have this Court believe that he is that individual and as he has stated multiple times through his motion, "probable cause existed." However, the law requires that a magistrate determine if the Defendant officers had probable cause. This is accomplished when an arrested individual is taken directly, without unnecessary delay, to the nearest "magistrate in the district court, the precinct of the county, or the municipality in which the offense occurred."[6] The officers failure to follow well established Utah law shows that they were not acting "within the scope of employment" and in fact are guilty of a class B misdemeanor.[7]

Therefore, the Plaintiff's state law claims are valid and the Utah Governmental Immunity Act defense claim fails.

### IV. PLAINTIFF'S CLAIM FOR EQUITABLE RELIEF

The final claim that Counsel makes is that the Plaintiff's claim for equitable relief is improper as it "seeks declaratory relief about events happening in the past" and "requires the Court to answer a hypothetical question…..that the defendants wronged him."[8] Again, it appears that Counsel is reading a different complaint than the amended complaint submitted by Plaintiff.

---

[6]*Utah Code* § 77-7-23(1)(a)

[7] *Utah Code* § 77-7-23(5)

[8] Motion to dismiss, ECF #34, pg 38, lines 7 & 9

Plaintiff clearly states the issue in controversy as it relates to the rights of the parties involved and this Court's determination of those rights is crucial given the fact that Plaintiff plans to attend future senate standing committee meetings and would rather not be subjected to similar embarrassment and harassment from the Defendants.

A declaratory judgment is appropriate if a justiciable controversy exists and it will terminate said controversy. See *De La Vega v. Bank of N.Y. Mellon* (S.D. Tex., Apr. 2, 2021, Civil Action H-19-4099), *Burrus v. U.S. Dep't of Agric.* (USDA) Forest Serv. (E.D. Cal., Jan. 27, 2021, No. 2:20-cv-00845-KJM-JDP (PS)) In this case at hand, Plaintiff wishes for this Court to define the scope and limitations of the Utah Legislative rules as they were improperly applied to Plaintiff, as alleged by Plaintiff, and if the application of those rules can supersede the rights clearly belonging to Plaintiff. There is nothing that has happened in the past or hypothetical about that statement as Counsel would have this Court believe.

Based on this information, the equitable relief claim is proper.

## 4. COUNSEL'S MOTION IS IMPROPER UNDER RULE 12(b)(6)

Counsel's second motion to dismiss is improper under rule 12(b)(6), and by rule, must be filed under rule 12(c) after the pleadings have closed. Federal Rule of Civil Procedure 12(g)(2) provides: Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Under Rule 12(g), a party that fails to raise a defense in a Rule 12 motion cannot raise an omitted defense in a second pre-answer Rule 12 motion. This rule was "intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 701 (6th Cir. 1978).

The rule, however, provides an exception for a motion provided for in Rule 12(h)(2) "on any of the grounds there stated." Fed.R.Civ.P. 12(g). Rule 12(h)(2), in turn, states:

(2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

    (A) in any pleading allowed or ordered under Rule 7(a);

    (B) by a motion under Rule 12(c); or

    (C) at trial.

Under Rule 12(h)(2), a party may raise a defense of failure to state a claim upon which relief can be granted, even though not raised in an earlier motion to dismiss, in one of three ways: 1) in an answer, 2) in a motion for judgment on the pleadings, or 3) at trial on the merits. Rule 12(h)(2), in setting out the ways in which a party may raise a failure to state a claim argument after the initial pre-answer motion, precludes the filing of a second 12(b)(6) motion to dismiss after an initial motion to dismiss. See Rauch v. Day & Night Mfg. Corp., 576 F.2d at 701 n. 3

A motion for judgment on the pleadings before an answer is filed is procedurally improper and must be denied. The 9th Circuit has stated as such: "We conclude that Doe's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) before any answer was filed, an issue of first impression in this circuit, was procedurally premature and should have been denied. The rule provides in relevant part: " *After the pleadings are closed* but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c) (emphasis added). Rule 7, entitled "Pleadings Allowed," defines what filings are considered pleadings and declares which pleadings shall be filed with the district court. It provides:

    There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a

third-party answer if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed.R.Civ.P. 7(a). Thus, the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made.

Fed.R.Civ.P. 12(c); 5C CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer."); *see also Flora v. Home Fed. Savings and Loan Ass'n,* 685 F.2d 209, 211 n. 4 (7th Cir. 1982) ("Fed.R.Civ.P. 7(a) prescribes when the pleadings are closed."). Doe's motion for judgment on the pleadings was filed before the government filed an answer. Accordingly, Doe's motion was premature and should have been denied. *Doe v. U.S.* (9th Cir. 2005) 419 F.3d 1058, 1061. Based on this ruling, this motion must be denied as it is procedurally improper.

## 5.   CONCLUSION

Determination by this Court that the Defendants have entered nothing on record by testimony, affidavits, or deposition; that the rulings and determinations of The United States Supreme Court have precedent over Counsel's opinions; and that the motion has been filed improperly; justly requires that Defendant's motion to dismiss be denied as legally insufficient..

WHEREFORE, for the reasons stated throughout this opposition, Plaintiff respectfully **MOVES** this Honorable court to enter an order **DENYING** Defendant's Motion To Dismiss for Failure to State a Claim in its entirety, **WITH PREJUDICE.**

RESPECTFULLY SUBMITTED THIS 4th day of November, 2022.


_/S/ Mikel Ray Brown_____

Mikel Ray Brown

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4th, 2022, I electronically transmitted the attached document to

the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to

the following CM/ECF registrants:

KYLE J. KAISER (13924)
*Assistant Utah Attorney General*
SEAN D. REYES (7969)
*Utah Attorney General*
160 E 300 S, 6th Floor
Salt Lake City, UT 84114
Telephone: (801) 366-0100
E-mail: kkaiser@agutah.gov
*Attorney for Defendants*

*/S/ Mikel Ray Brown*