IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIKEL R. BROWN, | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00091-RJS-CMR |
| DARRELL GRIGGS, et al., | Chief Judge Robert J. Shelby |
| Defendants. | Magistrate Judge Cecilia M. Romero |

Now before the court is Plaintiff Mikel R. Brown's Objection[1] to Magistrate Judge Cecilia M. Romero's Report and Recommendation (the Report).[2]  In the Report, Judge Romero recommends this court grant Defendants' Motion to Dismiss.[3]  For the reasons stated below, the Report is ADOPTED with one modification,[4] and Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND[5]

In March 2022, Brown attended a Utah State Senate committee meeting to hear debate on proposed HB60.[6]  Brown wore a shirt with the words "WE THE PEOPLE."[7]  Before the meeting

---

[1] ECF 47, *Objection to Report & Recommendation Re: ECF 34 and Order Denying ECF 41* (*Objection*).

[2] ECF 44, *Report & Recommendation Re: ECF 34 and Order Denying ECF 41* (*Report & Recommendation*).

[3] *Id.*; *see also* ECF 34, *Defendants' Motion to Dismiss and Memorandum in Support* (*Motion to Dismiss*).

[4] The court dismisses some claims with prejudice that Judge Romero recommended dismissing without prejudice. *See infra* note 173.

[5] The court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Brown. *See Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).  Because the court is limited to the four corners of the complaint when considering a Rule 12(b)(6) motion, it does not take judicial notice of the body camera videos filed by Defendants.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *see also* ECF 40, *Reply Memorandum Supporting Motion to Dismiss Amended Complaint* (*Defendants' Reply*) at 3–4 (stating the videos are not critical to Defendants' Motion to Dismiss); ECF 23-1, *Notice of Conventional Filing*.

[6] ECF 25, *Amended Complaint* ¶ 24.

[7] *Id.* ¶ 25.

1

started, attendees passed around a clipboard with stickers reading, "Vote Yes, HB60."[8]  Brown

took two stickers, placing one on his hat and one on his phone case.[9]  He saw other attendees put

the stickers on their shirts.[10]

As Brown waited for the meeting to start, he noticed the Sergeant-at-Arms of the Utah

State Senate—Defendant Darrell Griggs—"going around the room and demanding that the

stickers be removed."[11]  Brown asked Griggs what rule prohibited the stickers, but Griggs did

not answer.[12]  Brown nevertheless offered to "replace the sticker."[13]

Griggs was not appeased, and he motioned toward Defendant Wade Breur, a Utah

Highway Patrol officer, and referring to Brown said, "Let's ask him [] to step outside."[14]  Breur

then explained that while stickers were allowed in the House, the Senate had different rules.[15]

Brown commented that he had worn stickers in Senate committee meetings before, and Breur

replied that Defendant Daniel McCay—the senator chairing the meeting—decided what rules

were enforced.[16]  Brown asked if he had to remove the sticker on his phone, and Breur began

explaining that signs and banners were prohibited in committee meetings.[17]  Brown replied, "It's

---

[8] *Id.* ¶ 27.

[9] *Id.* ¶ 29.

[10] *Id.*

[11] *Id.* ¶¶ 2, 30.  Defendants state Griggs "was an employee under the Sergeant's direction," but did not become Sergeant-at-Arms until after the meeting.  *Motion to Dismiss* at 8 n.1.  However, they acknowledge that fact is not relevant to their Motion, *id.*, so the court will not consider it further.

[12] *Id.* ¶¶ 32–34.  Brown recorded these events on his phone, and his Complaint includes a link to a website where he uploaded the video.  *Id.* ¶ 31.  Because the Complaint describes the events, it is not necessary for the court to cite the video.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (stating "court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

[13] *Amended Complaint* ¶ 34.

[14] *Id.* ¶¶ 6, 35.

[15] *Id.* ¶ 36.

[16] *Id.* ¶¶ 3, 37–38.

[17] *Id.* ¶ 39.

not a sign."[18]  Breur then stated, "I will give you [one] chance to take off any visible stickers before the meeting begins, and if you don't, then you're out."[19]  Brown and Breur continued to discuss the rule prohibiting stickers, and Breur stated the rule carried the effect of law, but he could not identify the specific rule.[20]

Breur walked away, and Brown saw him speaking with Griggs, McCay, and Defendant Greg Holley, a Utah Highway Patrol officer.[21]  McCay then opened the meeting and began discussing the meeting rules.[22]  He stated stickers were not allowed and the meeting would be in recess for five minutes because some attendees were not following that rule.[23]

Once the meeting was in recess, Griggs told Brown to put his stickers away.[24]  Brown asked where the stickers needed to go, and Griggs told him to "fold them up and put them someplace where they can't be seen."[25]  Brown removed his stickers and asked if Griggs wanted them, but received no reply.[26]  Brown then gave Griggs one of his stickers, and Griggs asked for the other sticker.[27]  Brown refused and said he would flip it over, and Griggs commented, "Ok, if you turn it over hopefully we won't have to take it."[28]

Brown and Griggs discussed the stickers some more, and Brown asked what law he was

---

[18] *Id.* ¶ 40.

[19] *Id.*

[20] *Id.* ¶¶ 42–44.

[21] *Id.* ¶¶ 5, 46, 49.

[22] *Id.* ¶¶ 50–53.

[23] *Id.* ¶¶ 53–54.

[24] *Id.* ¶ 56.

[25] *Id.* ¶ 57.

[26] *Id.* ¶ 58.

[27] *Id.* ¶ 60.

[28] *Id.*

violating but received no answer.[29]  At this point, Brown's sticker was folded and "not visibly noticeable to anyone within [his] immediate vicinity."[30]  Some attendees, including Brown, began questioning Griggs about his Ukrainian flag lapel pin.[31]  Griggs "appear[ed] to take issue with this questioning" and demanded that Brown hand over his sticker.[32]  When Brown refused, Griggs motioned toward Holley, who motioned for Brown to come with him.[33]  Brown responded, "[T]he sticker is put away."[34]

Holley and Defendant Seth Dalton (another Utah Highway Patrol officer)[35] approached Brown and told him he was being removed from the meeting.[36]  Holley grabbed Brown's arm "in an attempt to forcibly remove [him] from the meeting," but then let go and explained Brown was being removed for disruptive behavior.[37]  When Brown responded that the meeting was in recess and not disrupted, Holley replied, "Do you want to be arrested or do you want to leave?"[38] Brown answered, "I complied.  I took the sticker away."[39]  Holley then told Brown he was under arrest, and Holley and Dalton grabbed his arms.[40]

Breur approached Brown from behind and began pushing him across the room, with help

---

[29] Id. ¶¶ 61–64.

[30] Id. ¶ 63.

[31] Id. ¶¶ 65–66.

[32] Id. ¶ 67.

[33] Id. ¶ 68.

[34] Id.

[35] Id. ¶ 4.

[36] Id. ¶¶ 69–71.

[37] Id. ¶ 72.

[38] Id. ¶ 74.

[39] Id.

[40] Id. ¶¶ 76–77.

from Holley and Dalton.[41]  Two other Utah Highway Patrol officers, Defendants Roger Daniels and Ernest Peterson,[42] came to help with the arrest, and Brown's arms were "forcibly placed behind his back," and he was handcuffed.[43]  Other meeting attendees questioned the arrest, in some instances addressing their comments to McCay.[44]

Shortly after being removed from the meeting, Brown had a panic attack and went "limp to the floor."[45]  Breur, Dalton, Holley, Daniels, and Peterson then carried Brown to a basement holding room.[46]  After about ten minutes, Brown heard Breur and Dalton discussing what crimes to charge Brown with.[47]  Brown heard Breur ask an unknown person over the phone if Brown "was removed from the meeting because of his shirt and/or the sticker."[48]  Breur also asked if the meeting was still in recess and how long Brown would be banned for.[49]

After Brown had been in handcuffs for about thirty minutes, they were removed and Breur Mirandized him.[50]  Brown told Breur he was having a panic attack and asked to speak with his attorney, who the officers said was upstairs.[51]  The officers would not let him leave, and a medical team arrived to take Brown's vitals.[52]  When the medical team finished, the officers said

---

[41] *Id.* ¶ 78.

[42] *Id.* ¶¶ 7–8.

[43] *Id.* ¶ 80.

[44] *Id.* ¶¶ 79, 82.

[45] *Id.* ¶ 83.

[46] *Id.* ¶ 84.

[47] *Id.* ¶ 85.

[48] *Id.*

[49] *Id.*

[50] *Id.* ¶¶ 86–87.

[51] *Id.* ¶¶ 89–90.

[52] *Id.* ¶¶ 90–91.

they would take Brown upstairs to speak with his attorney when they finished questioning him.[53]
Dalton told Brown he was being cited for disrupting a meeting or procession.[54]  Brown was
fingerprinted and then released.[55]

The Salt Lake City prosecutor later moved to dismiss the case against Brown,
acknowledging "the apparent confusion" over what speech was permitted at the meeting
undermined a reasonable likelihood of success at trial.[56]  The case against Brown was dismissed
in April 2022.[57]

## PROCEDURAL HISTORY

In July 2022, Brown initiated this action in federal court.[58]  He filed an Amended
Complaint in October 2022, alleging the events described above.[59]  As Defendants, he named
Michael Rapich, the Superintendent of the Utah Highway Patrol, as well as Griggs, Dalton,
Holley, Breur, Daniels, Peterson, and McCay.[60]

The Amended Complaint asserts seven claims.  The first four claims are brought under
42 U.S.C. § 1983 and assert violations of Brown's First, Fourth, Fifth, Sixth, and Fourteenth
Amendment rights.[61]  The first three claims are asserted against all Defendants, but the fourth
excludes Griggs.[62]  Generally, Brown asserts Griggs, Dalton, Holley, Breur, Daniels, and

---

[53] *Id.* ¶ 91.

[54] *Id.* ¶ 92; *see also* Utah Code § 76-9-103.

[55] *Amended Complaint* ¶ 93.

[56] *Id.* ¶¶ 100–02.  *See also* ECF 25-1, *Amended Complaint, Exhibit 1: Prosecutor's Motion to Dismiss* at 8–9.

[57] *Amended Comlaint* ¶ 103.  *See also* ECF 25-1, *Amended Complaint, Exhibit 1: Order to Dismiss* at 11.

[58] ECF 1, *Complaint*.

[59] *Amended Complaint* ¶¶ 13–103.  Brown filed the Amended Complaint after Defendants moved to dismiss a first
time.  *See* ECF 23, *Defendants' Motion to Dismiss*; ECF 24, *Plaintiff's Reply to Defendants' Motion to Dismiss*.

[60] *Amended Complaint* ¶¶ 2–9.

[61] *Id.* ¶¶ 123–48.

[62] *Id.* ¶¶ 124–25, 130–31, 136–38, 143–45.

Peterson (collectively, the Officer Defendants) directly violated his constitutional rights, and McCay and Rapich failed or were deliberately indifferent toward their "duties to train, supervise, and oversee" the Officer Defendants.[63]  The remaining three claims are brought under state law: false imprisonment; malicious prosecution; and aggravated assault, battery, and harassment.[64]  These state law claims are brought against the Officer Defendants only, excluding Griggs.[65]  Brown requests declaratory relief, injunctive relief, and money damages.[66]

Defendants moved to dismiss, arguing the Amended Complaint fails to state a claim upon which relief can be granted.[67]  Among other things, Defendants argue legislative, qualified, and governmental immunity apply.[68]  After the Motion to Dismiss was fully briefed,[69] Brown filed a Motion for Writ Affidavit of Commercial Liability.[70]  In his Motion, Brown argued Defendants' Motion to Dismiss was improperly filed because it was not supported by affidavits.[71]

The case was referred to Judge Romero under 28 U.S.C. § 636(b)(1)(B), and she issued the Report, recommending the court grant Defendants' Motion to Dismiss.[72]  She also denied Brown's Motion for Writ Affidavit of Commercial Liability.[73]

---

[63] *Id.*

[64] *Id.* ¶¶ 149–62.

[65] *Id.*

[66] *Id.* at 30–33.

[67] *Motion to Dismiss* at 17; *see also* Fed. R. Civ. P. 12(b)(6).

[68] *Motion to Dismiss* at 20–22, 24–30, 43.

[69] *See* ECF 35, *Plaintiff's Opposition in Response to Defendants' Motion to Dismiss* (*Brown's Opposition*); ECF 40, *Reply Memorandum Supporting Motion to Dismiss Amended Complaint* (*Defendants' Reply*).

[70] ECF 41, *Writ for Affidavit of Commercial Liability*.

[71] *Id.* at 2–3.

[72] *See Report & Recommendation* at 28–29.

[73] *Id.* at 26–28.  Judge Romero had the authority to hear and determine Brown's Motion.  *See* 28 U.S.C. § 636(b)(1)(A) (explaining what pretrial matters a magistrate judge may "hear and determine").  This court could reconsider her denial if "it has been shown that the . . . order is clearly erroneous or contrary to law."  *Id.*  Brown has not asked the court to reconsider the denial of his Motion, so the court does not consider it further.

In the Report, Judge Romero first noted that Brown named all Defendants in both their official and personal capacities, except for Rapich, whom Brown sued in his official capacity only.[74]  Judge Romero then explained that official capacity suits are treated as suits against the official's employer, and here, Brown failed to name Defendants' employer (the State of Utah) as a party.[75]  Accordingly, she recommended dismissing without prejudice all official capacity claims.[76]  She further explained that without official capacity claims, declaratory and injunctive relief were not available.[77]

Next, the Report addressed the claims against McCay in his personal capacity.[78]  Judge Romero determined "McCay's actions to maintain order during the legislative meeting related to legislation and legislative function, given that the purpose of the meeting was to listen to debate about the proposed HB60."[79]  She thus recommended concluding legislative immunity applies and dismissing all claims against McCay without prejudice.[80]

---

[74] *Report & Recommendation* at 8 (citing *Amended Complaint* ¶¶ 2–9, 23).

[75] *Id.* at 8–9 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

[76] *Id.* at 9.  This court further notes that § 1983 does not abrogate a state's Eleventh Amendment immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties").

[77] *Report & Recommendation* at 10 n.5 (quoting *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief.")).

[78] *Id.* at 10–12.

[79] *Id.* at 11.  Brown asserts McCay failed to "train, supervise, and oversee" the Officer Defendants.  *See, e.g.*, *Amended Complaint* ¶ 125.  When concluding legislative immunity applied, Judge Romero focused on McCay's actions at the meeting and did not evaluate whether he was also immune from a failure to train claim.  *Report & Recommendation* at 10–12.  The court acknowledges that depending on the circumstances, legislative immunity may not apply to a failure to train claim.  *Compare Williams v. Garcia*, No. 2:21-cv-08077-MEMF(PLAx), 2023 WL 2139655, at *9 (C.D. Cal. Feb. 17, 2023) (legislative immunity did not apply), *with Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 655 (S.D. Ohio 2004) (legislative immunity applied).  However, Brown did not allege facts about McCay's failure to train, *see Amended Complaint* ¶¶ 24–122, and he argued legislative immunity did not apply because McCay acted without authority at the meeting when he said stickers were prohibited, *Brown's Opposition* at 16.  He also did not discuss a failure to train claim in his Objection.  *See generally Objection*.  Accordingly, the court will not consider further Brown's references to a possible failure to train claim.

[80] *Report & Recommendation* at 11–12 (citing *Sable v. Myers*, 563 F.3d 1120, 1123–24 (10th Cir. 2009)).

Judge Romero then turned to the § 1983 claims against the Officer Defendants in their personal capacities.[81] Brown's first claim asserts the Officer Defendants violated his Fourth Amendment rights by arresting him without probable cause.[82] The Officer Defendants raised a qualified immunity defense,[83] and Judge Romero evaluated Brown's claim under both prongs of the qualified immunity test.[84] After a thorough review of the Amended Complaint and relevant caselaw, she concluded Brown failed to plead a plausible Fourth Amendment violation because he did not allege facts from which the court could reasonably infer the Officer Defendants lacked probable cause.[85] She also concluded Brown had not shown his asserted right was clearly established at the time.[86] Judge Romero thus concluded the Officer Defendants were entitled to qualified immunity, and she recommended dismissing this claim with prejudice.[87]

The Report next addressed Brown's second § 1983 claim.[88] In this claim, Brown asserts the Officer Defendants arrested him because of his speech and thus violated his First and Fourteenth Amendment rights "to engage in free speech on an equal basis with other citizens."[89] The Officer Defendants argued they are entitled to qualified immunity on the First Amendment claim,[90] and Judge Romero agreed.[91] She concluded Brown had not alleged sufficient facts to

---

[81] *Id.* at 12.

[82] *Amended Complaint* ¶ 124.

[83] *Motion to Dismiss* at 24–30.

[84] *Report & Recommendation* at 12–18. To defeat a qualified immunity defense, "the plaintiff must show (1) the defendant's actions violated a constitutional or statutory right, and (2) that the right was clearly established at the time of the defendant's complained-of conduct." *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[85] *Report & Recommendation* at 12–16.

[86] *Id.* at 16–18.

[87] *Id.* at 18; *see also id.* at 29 n.13 (stating dismissal with prejudice is appropriate where qualified immunity applies).

[88] *Id.* at 18–22.

[89] *Amended Complaint* ¶ 130.

[90] *Motion to Dismiss* at 30–34.

[91] *Report & Recommendation* at 19–20.

support a First Amendment retaliation claim because he had not alleged facts showing either that

the officers lacked probable cause or he was treated differently than other similarly situated

individuals.[92]  She also concluded Brown had not shown his asserted right was clearly

established.[93]  Judge Romero thus recommended dismissing this claim with prejudice insofar as

it is based on an alleged First Amendment violation.[94]

Concerning the Fourteenth Amendment, Judge Romero explained that a plaintiff may not

invoke the Fourteenth Amendment when another amendment more explicitly protects the right at

issue.[95]  She also recognized that in similar cases, the Tenth Circuit has examined "whether the

plaintiff [has] a viable procedural or substantive due process claim that [is] not covered" by the

more explicit amendment.[96]  Judge Romero determined the First Amendment more explicitly

protected Brown's asserted right and that he had not alleged a viable procedural or substantive

due process violation.[97]  She thus concluded he had failed to sufficiently plead a claim under the

Fourteenth Amendment, and she recommended dismissing this claim without prejudice.[98]

Next, Judge Romero considered Brown's third claim, which asserts the Officer

Defendants violated his Fifth and Fourteenth Amendment rights by "arbitrarily, capriciously, and

without rational basis" treating him differently than other meeting attendees.[99]  Because the Fifth

Amendment's Due Process Clause applies only to federal actors and Brown did not allege any

---

[92] *Id.*

[93] *Id.*

[94] *Id.* at 22.

[95] *Id.* at 20–21 (citing *Albright v. Oliver*, 510 U.S. 266 (1994)).

[96] *Id.* at 21 (citing *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007)).

[97] *Id.*

[98] *Id.* at 21–22.

[99] *Amended Complaint* ¶ 136.

Defendant's actions were attributable to the federal government, Judge Romero recommended dismissing the Fifth Amendment claim with prejudice.[100]

The Report next addressed the Fourteenth Amendment, and Judge Romero concluded Brown had not alleged sufficient facts demonstrating he was treated differently than other similarly situated individuals.[101]  She further explained that this Fourteenth Amendment claim is a class-of-one claim,[102] meaning Brown needed to allege that others "'similarly situated in every material respect' were treated differently."[103]  Because Brown did not allege other meeting attendees were similarly situated "in every material respect," Judge Romero recommended dismissing this class-of-one claim without prejudice.[104]

Judge Romero then evaluated Brown's fourth claim.[105]  This claim asserts the Officer Defendants, excluding Griggs, violated Brown's Sixth and Fourteenth Amendment rights by "failing to follow applicable statutes and processes and take [Brown] to the magistrate to inform [him] of the nature and cause of the alleged charge against him."[106]  It further asserts the relevant Defendants violated his right to counsel when they did not initially let him speak with his attorney.[107]  Judge Romero first explained Brown has not adequately alleged a Sixth Amendment

---

[100] *Report & Recommendation* at 22, 24 (citing *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013)).  This court further notes that even if Brown had alleged federal involvement, § 1983 applies only to constitutional violations "by persons acting under color of state law."  *Torres v. Madrid*, 141 S. Ct. 989, 994 (2021); *see also* 42 U.S.C. § 1983.

[101] *Report & Recommendation* at 23.

[102] A class-of-one claim "is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)).

[103] *Id.* (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)).

[104] *Report & Recommendation* at 23–24.

[105] *Id.* at 24–25.

[106] *Amended Complaint* ¶ 143.

[107] *Id.* ¶ 144.

violation because Sixth Amendment rights do not attach until "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."[108]  Because Brown did not allege that adversarial proceedings took place before or during his detention, Judge Romero concluded his Sixth Amendment rights had not attached, and she recommended dismissing this claim with prejudice.[109]

Judge Romero next recommended dismissing the Fourteenth Amendment claim without prejudice.[110]  Brown is invoking the same protections under the Sixth and Fourteenth Amendments, so she concluded the Sixth Amendment needed to be the guide, not the more general Fourteenth Amendment.[111]  She also determined Brown had not alleged "any facts to support a viable procedural or substantive due process claim."[112]

Having addressed all federal claims, the Report turned to Brown's state law claims.[113] Judge Romero recommended the court decline to continue exercising supplemental jurisdiction over the state law claims, given her recommendation that all federal claims be dismissed.[114] Accordingly, she recommended dismissing all state law claims without prejudice.[115]  She also notified parties of their right to object, explained the timeline for objecting, and warned that failure to timely object "may constitute a waiver of objections upon subsequent review."[116]

---

[108] *Report & Recommendation* at 24 (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)).

[109] *Id.* at 24–25.

[110] *Id.* at 25.

[111] *Id.*

[112] *Id.*

[113] *Id.* at 25–26.

[114] *Id.* at 26 (citing 28 U.S.C. § 1367(c)(3)).

[115] *Id.*

[116] *Id.* at 29.

Up to this point, Brown had been proceeding pro se.[117]  However, after Judge Romero issued the Report, Brown obtained counsel,[118] who filed an Objection[119] to the Report.  The court now considers Brown's Objection.

## LEGAL STANDARDS

Although Brown is now represented by counsel, he did not have counsel when he filed his Amended Complaint.  The court will thus construe the Amended Complaint liberally.[120] Nevertheless, Brown's Amended Complaint must still comply with the "fundamental requirements" of the Federal Rules of Civil Procedure.[121]  Furthermore, because Brown was represented by counsel when he submitted his Objection, the court will not construe it liberally.

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection.  When an objection is both timely and specific, the district court reviews the magistrate judge's report and recommendation de novo.[122]  An objection is timely if filed within fourteen days of when the recommended disposition was served.[123]  An objection is sufficiently specific if it focuses the "court's attention on the factual and legal issues that are truly in dispute."[124]

Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific,

---

[117] *See Brown's Opposition* at 20 (signed by Brown).

[118] ECF 46, *Aug. 22, 2023 Notice of Appearance*.

[119] ECF 47.

[120] *See Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 524 n.1 (10th Cir. 2022) (liberally construing a complaint when the plaintiff was represented by counsel on appeal but proceeded pro se in district court).

[121] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[122] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.").

[123] Fed. R. Civ. P. 72(b)(2).

[124] *2121 E. 30th St.*, 73 F.3d at 1060.

then the objector has waived "review of both factual and legal questions."[125]  A court may

decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if

"the magistrate's order does not apprise the pro se litigant of the consequences of a failure to

object to findings and recommendations."[126]  "[T]his court generally reviews unobjected-to

portions of a report and recommendation for clear error."[127]

 The Motion to Dismiss standard is also pertinent, as the Report evaluated Defendants'

Motion to Dismiss.  Defendants requested dismissal under Rule 12(b)(6) of the Federal Rules of

Civil Procedure, arguing Brown's Amended Complaint fails "to state a claim upon which relief

can be granted."[128]  When reviewing a Rule 12(b)(6) motion, a court must accept all well-

pleaded allegations as true and view them in the light most favorable to the plaintiff.[129]  "While a

complaint need not recite 'detailed factual allegations,' 'a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do.'"[130]

 If § 1983 defendants assert qualified immunity, they are presumptively immune from

suit.[131]  "To overcome this presumption, the plaintiff must show (1) the defendant's actions

violated a constitutional or statutory right, and (2) that right was clearly established at the time of

the defendant's complained-of conduct."[132]  "A right is clearly established 'when a Supreme

---

[125] *Id.* at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[126] *Moore*, 950 F.2d at 659.

[127] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[128] Fed. R. Civ. P. 12(b)(6); *Motion to Dismiss* at 17.

[129] *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[130] *Id.* (brackets omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[131] *Id.*

[132] *Id.*

Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains.'"[133]

## ANALYSIS

The court first explains that although the Objection was timely, it is not specific and thus does not qualify for de novo review.  The court then concludes Judge Romero did not clearly err.

### I.    The Objection does not qualify for de novo review.

Although Brown filed a timely Objection,[134] his arguments do not focus the "court's attention on the factual and legal issues that are truly in dispute."[135]  The Objection thus does not qualify for de novo review.

As an initial matter, the Objection argues Brown alleged sufficient facts supporting his First and Fourth Amendment claims.[136]  He does not argue he alleged sufficient facts supporting his Fifth, Sixth, or Fourteenth Amendment claims.[137]  Consequently, Brown has not objected to Judge Romero's recommendation that his Fifth, Sixth, and Fourteenth Amendment claims be dismissed.[138]  The court will now address Brown's arguments concerning his First and Fourth Amendment claims.

Brown first challenges Judge Romero's probable cause analysis, but his objection is conclusory and lacks specificity.[139]  Brown contends "there was no evidence" he violated Utah Code § 76-9-103 because he "was simply sitting in the audience listening with a very small

---

[133] *Id.* (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)).

[134] Brown objected within fourteen days of service of the Report.  *Compare Report & Recommendation* (filed Aug. 8, 2023), *with Objection* (filed Aug. 22, 2023).

[135] *2121 E. 30th St.*, 73 F.3d at 1060.

[136] *Objection* at 3–6.

[137] *See id.*

[138] *See id.*

[139] *See id.* at 3–5.

sticker on his hat" and because he "did not make any verbal remarks or take any physical action to disrupt the meeting."[140]  Brown does not cite allegations from his Amended Complaint to support this statement, nor does he cite any legal authority.[141]  Thus, these are merely conclusory statements, not specific objections.[142]

Moreover, it is unclear which parts of the probable cause analysis Brown challenges. Judge Romero concluded the Officer Defendants were entitled to qualified immunity, and she assessed both parts of the framework.  First, she concluded Brown failed to allege facts from which the court could infer the Officer Defendants lacked probable cause.[143]  Next, she concluded Brown's asserted right was not clearly established.[144]  Brown does not identify what analysis he disagrees with, nor does he engage with the caselaw Judge Romero considered.  For this additional reason, Brown's argument does not identify the legal issues in dispute.

Brown raises other arguments, but they also lack specifics.  For example, in a single sentence, Brown argues he could not have disrupted the meeting because it "was not in progress."[145]  He does not support this assertion with citations to the Amended Complaint or legal authority.[146]  Nor does he identify which part of the Report he is challenging.[147]  However, even if the court assumed the meeting was not in progress and Brown could be convicted only if

---

[140] *Id.* at 3–4.

[141] *Id.*

[142] *See Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished) (holding "conclusory and non-specific" arguments did not qualify for de novo review); *Wofford v. Colvin*, 570 F. App'x 744, 745–46 (10th Cir. 2014) (unpublished) (holding de novo review was inappropriate where the plaintiff "failed to identify the particular errors the magistrate judge committed" and failed "to cite any authority explaining how the magistrate judge's recommendations conflicted with governing law").

[143] *Report & Recommendation* at 15–16.

[144] *Id.* at 16–18.

[145] *Objection* at 6.

[146] *Id.*

[147] *Id.*

16

it were, Brown does not argue the Officer Defendants lacked probable cause to believe the meeting was in progress.[148]  His argument about whether the meeting was in progress thus does not challenge probable cause—it contends he did not commit a crime.  But Judge Romero did not conclude Brown committed a crime.[149]  Rather, she concluded the Officers Defendants had probable cause to believe Brown committed a crime and that his asserted right was not clearly established.[150]  Accordingly, Brown's argument that the meeting was not in progress is not a specific objection to the Report.

Similarly, Brown contends the Senate "does not have a written rule" prohibiting stickers.[151]  He does not identify which part of the Report he is objecting to,[152] and the Report did not conclude there was a written rule.[153]  Rather, Judge Romero referenced Utah Code § 76-9-103 and McCay's statement at the meeting that stickers were not allowed.[154]  Even assuming Brown is correct and the Senate does not have a written rule prohibiting stickers, he does not explain why that undermines Judge Romero's probable cause analysis.[155]  This argument does not justify de novo review.

Brown also argues any statute or rule prohibiting stickers would violate the First Amendment.[156]  But Judge Romero noted the legality of a statute or rule is irrelevant to the

---

[148] *See id.*

[149] *See Report & Recommendation* at 16 n.9.

[150] *Id.* at 12–18.

[151] *Objection* at 4.

[152] *Id.* at 4–5.

[153] *See Report & Recommendation* at 12–22.

[154] *See id.* at 3 (explaining McCay's statements at the meeting); *see also id.* 13–14 (citing McCay's statements and Utah Code § 76-9-103).

[155] *Objection* at 4–5.

[156] *Id.* at 4 (arguing a rule or policy against stickers "would clearly be in violation of the First Amendment"); *see also id.* at 5 ("The government cannot violate a person's First Amendment rights and then make the simple questioning of the violation the basis for probable cause to arrest.").

probable cause analysis "because officers generally may presume that statutes are constitutional until declared otherwise."[157]  Brown does not challenge this point, nor does he explain why the legality of the underlying rule or statute is relevant to the probable cause analysis.[158]  Accordingly, he has not identified an issue in dispute.[159]

Next, Brown argues he sufficiently alleged he was arrested for asking Griggs about his lapel pin.[160]  Because Brown does not cite the Report, it is unclear which part of the Report he disagrees with.[161]  If Brown is arguing Griggs' subjective intent negated probable cause, Judge Romero noted subjective intent was irrelevant to her analysis.[162]  If Brown is arguing he sufficiently alleged a First Amendment retaliation claim, that argument is also not specific enough.  Judge Romero concluded the Officer Defendants were entitled to qualified immunity on the retaliation claim.[163]  She explained that Brown failed to sufficiently plead either that the Officer Defendants lacked probable cause or that he was arrested when other similarly situated individuals were not.[164]  Brown does not acknowledge the qualified immunity framework, nor does he explain which part of Judge Romero's analysis he disagrees with.[165]  Consequently, the court is uncertain what conclusion he is challenging, and the argument is not specific enough.

---

[157] *Report & Recommendation* at 14 n.6 (quoting *Mocek v. City of Alburquerque*, 813 F.3d 912, 928 (10th Cir. 2015)).

[158] *See Objection* at 4–5.

[159] *See 2121 E. 30th St.*, 73 F.3d at 1060.

[160] *Objection* at 5–6.

[161] *Id.*

[162] *Report & Recommendation* at 14 n.8 (quoting *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 (10th Cir. 2022) ("The subjective mindset of the arresting officer does not matter—rather, we ask whether the totality of the circumstances, viewed objectively, justifies the arrest.")).

[163] *Id.* at 19–20.

[164] *Id.*

[165] *Objection* at 5–6.

In sum, none of Brown's arguments focus the "court's attention on the factual and legal issues that are truly in dispute."[166]  The Objection thus does not qualify for de novo review.[167]

## II.    The court adopts the Report.

After reviewing the filings and the relevant legal authority, the court concludes Judge Romero did not clearly err.  The court therefore ADOPTS the Report with one modification.[168]

### CONCLUSION

For the reasons stated, the Defendants' Motion to Dismiss[169] is granted, and the Report and Recommendation[170] is ADOPTED with one modification.[171]  All official capacity claims are dismissed without prejudice.  The personal capacity claims are dismissed as follows:

- Brown's first cause of action[172] is dismissed with prejudice;[173]

- Brown's First Amendment claim brought under the second cause of action,[174] Fifth Amendment claim brought under the third cause of action,[175] and Sixth

---

[166] *See 2121 E. 30th St.*, 73 F.3d at 1060.

[167] Although the court may decline to apply the firm waiver rule "when the interests of justice so dictate," *Moore*, 950 F.2d at 659, Brown has not argued the exception applies, and the court sees no reason to invoke it.

[168] *See infra* note 173.

[169] ECF 34.

[170] ECF 44.

[171] *See infra* note 173.

[172] *Amended Complaint* ¶¶ 123–28.

[173] *See Report & Recommendation* at 29 n.13 (explaining why dismissal with prejudice is appropriate when qualified immunity applies).  Judge Romero recommended dismissing all claims against McCay without prejudice.  *See id.* at 28.  However, because supervisory liability claims require a constitutional violation, dismissal with prejudice is appropriate where the accompanying claims against the Officer Defendants were dismissed with prejudice.  *See Arnold v. City of Olathe*, 35 F.4th 778, 793 (10th Cir. 2022) (explaining supervisory liability requires an "affirmative link" to a "constitutional deprivation"); *see also Johnson v. City of Roswell*, 752 F. App'x 646, 652 (10th Cir. 2018) (unpublished) ("Without a constitutional violation, Johnson's § 1983 failure-to-supervise/train claim against Chief Smith in his individual and official capacities also fails.").

[174] *Amended Complaint* ¶¶ 129–34.

[175] *Id.* ¶¶ 135–41.

Amendment claim brought under the fourth cause of action[176] are dismissed with prejudice;[177]

- Brown's Fourteenth Amendment claims brought under the second, third, and fourth causes action[178] are dismissed without prejudice;[179] and

- Brown's fifth, sixth, and seventh causes of actions[180] are dismissed without prejudice.

Thirty days from today, the court will direct the Clerk of Court to close the case unless Brown has filed a motion seeking leave to file a second amended complaint.[181]  Motions seeking leave to amend must comply with DUCivR 15-1.

SO ORDERED this 18th day of September 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[176] *Id.* ¶¶ 142–48.

[177] *See Report & Recommendation* at 29 n.13.

[178] *Amended Complaint* ¶¶ 129–48.

[179] *See Report & Recommendation* at 29 n.13.

[180] *Amended Complaint* ¶¶ 149–62.

[181] Brown argues he should be given leave to file a second amended complaint before his case is dismissed. *Objection* at 2–3.  He specifically argues that because he is now represented by counsel, he should have time to remedy the Amended Complaint's deficiencies.  *Id.*  He cites *Curley v. Perry* in support, stating, "[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  246 F.3d 1278, 1281–82 (10th Cir. 2001) (quotation simplified).  But *Curley* considered a dismissal under 28 U.S.C. § 1915(e)(2), which permits a court to sua sponte dismiss a pro se complaint for, among other things, failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Report here considered a motion to dismiss and did not recommend dismissal sua sponte.  *See Report & Recommendation* at 1.  Thus, the standard articulated in *Curley* does not govern.  Moreover, Brown cannot request leave to amend in his Objection, and he has not filed a separate motion seeking leave to amend.  *See* DUCivR 7-1(a)(3).