NATHAN SKEEN (12662)
DANI CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P. O. Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
nrs@scmlaw.com
dnc@scmlaw.com

KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
P. O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
kkaiser@agutah.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MIKEL RAY BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>DARRELL GRIGGS, et al.,<br><br>    Defendants. | **MEMORANDUM OPPOSING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 49)**<br><br>Case No.  1:22-cv-00091<br><br>Judge Robert J. Shelby<br><br>Magistrate Cecilia M. Romero |

Defendants submit this opposition to Plaintiff Mikel Ray Brown's motion for leave to file a second amended complaint (Dkt. No. 49).  The Court should deny that motion with respect to Mr. Brown's proposed first, second, third, and fourth causes of action under 42 U.S.C. § 1983, as the Court previously dismissed the claims asserted in those claims *with* prejudice.[1]

---

[1] Recognizing this District's prior indication that a "futility argument would be more appropriately addressed in  dispositive motions," *Podium Corp. Inc. v. Chekkit Geolocation Servs., Inc.*, 2021 WL 1531230 at * 2 (D. Utah Apr. 19, 2021) (unpublished), Defendants have limited this opposition to those proposed claims that are directly contrary to the Court's memorandum decision.  Mr. Brown's remaining claims are, in large part, subject to dismissal for additional reasons, which will be reserved for a dispositive motion.

## BACKGROUND

Last year, Mr. Brown attended a Senate hearing to listen to the debate about HB60. There, he learned that the Utah Senate had a rule prohibiting the display of stickers during a hearing. Nonetheless, he received and displayed stickers. A representative of the Senate Sergeant-at-Arms and Utah Highway Patrol officers assigned to the capitol told Mr. Brown both to put the stickers away and give them up, but he did not.

When the chair of the committee told the attendees that he had to suspend the meeting because people were not following the rules, Mr. Brown was still displaying a sticker and refused to relinquish them to law enforcement. When UHP troopers asked to talk with him outside the meeting, he refused. When they attempted to escort him out, he pulled away and was handcuffed. He was carried down to a dedicated UHP squad room. There, the troopers cited him for disrupting a public meeting and released him.

Mr. Brown, proceeding pro se, initiated this suit against Defendants, seeking damages and equitable relief. (Comp. [Dkt. No. 1].) He filed an amended complaint after Defendants moved to dismiss the original complaint. (*See* Mot. to Dismiss [Dkt. No. 24]; Am. Compl. [Dkt. No. 25].) Defendants then moved to dismiss Mr. Brown's amended complaint. (Mot. to Dismiss Am. Compl. [Dkt. No. 34].)

Magistrate Judge Romero issued a report and recommendation (Dkt. No. 44) recommending the Court grant Defendants' motion and dismiss Mr. Brown's official capacity claims against all Defendants without prejudice; dismiss the claims against Senator McCay without prejudice; dismiss Mr. Brown's First Amendment claim with prejudice; and dismiss Mr. Brown's remaining claims without prejudice. In doing so, Judge Romero held Mr. Brown had

failed to state a violation of his First and Fourth Amendment rights, let alone a violation of clearly established rights. (Report & Recommendation [Dkt. No. 44] at 12–20.)

Mr. Brown, now represented by counsel, filed an objection (Dkt. No. 47).

The Court held that Mr. Brown's objection, while timely, did "not focus the court's attention on the factual and legal issues that are truly in dispute," such that it did "not qualify for de novo review." (Mem. Decision [Dkt. No. 48] at 15 (cleaned up).) Because Mr. Brown had not objected to Judge Romero's recommendation that the Fifth, Sixth, and Fourteenth Amendment claims be dismissed, the Court addressed only the arguments regarding the First and Fourth Amendment claims. Ultimately, the Court adopted the report with one modification. It dismissed Mr. Brown's official capacity claims without prejudice. And, with respect to the personal capacity claims, the Court dismissed Mr. Brown's first cause of action ("Deprivation of Fourth Amendment Protected Rights"), First Amendment claim under the second cause of action, Fifth Amendment claim under the third cause, and Sixth Amendment claim under the fourth cause of action with prejudice; his Fourteenth Amendment claims under the second, third, and fourth causes of action without prejudice; and his remaining claims under the fifth, sixth, and seventh causes of action without prejudice. (*Id.* at 19–20.) The Court allowed 30 days for Mr. Brown to seek leave to file a second amended complaint before it would direct the clerk to close the case. (*Id.* at 20.)

Mr. Brown filed a motion for leave to file a second amended complaint within the time provided by the Court. Through that motion, Mr. Brown seeks leave to file a complaint (Dkt. No. 49-1) that:

(a) adds the State of Utah, the UHP, and the Utah State Legislature as defendants;

(b) removes the individual capacity claims against Senator McCay;

(c) includes the following claims: (1) unlawful arrest under the Fourth Amendment and article I, section 14 of the Utah Constitution against all Defendants; (2) retaliation under the First Amendment and article I, sections 1 and 15 of the Utah Constitution against all Defendants; (3) violation of right to free speech under the First Amendment and article I, sections 1 and 15 of the Utah Constitution against all Defendants; (4) malicious prosecution under the Fourth Amendment and article I, section 14 of the Utah Constitution against Assistant Sergeant Griggs; (5) excessive force under the Fourth Amendment against the Officers; (6) a class-of-one equal protection claim under the Fourteenth Amendment and article I, section 24 of the Utah Constitution against all Defendants; and (7) a facial and as-applied challenge to SR3-4-101 and -102, HR3-3-101 and -102, and JR7-1-302, which were enacted in 2023 and became effective on February 13, 2023—nearly a year after the incident giving rise to Mr. Brown's claims; and

(d) seeks declaratory and injunctive relief and damages.

The Court should deny Mr. Brown's motion with respect to his proposed first, second, third, and fourth causes of action under § 1983, as the Court previously dismissed those claims against Defendants in their personal capacities *with* prejudice.

## ARGUMENT

In adopting Judge Romero's report and recommendation, the Court dismissed Mr. Brown's First and Fourth Amendment claims against Defendants in their personal capacities *with prejudice*. (Mem. Decision [Dkt. No. 48] at 19–20.)  Despite this, Mr. Brown appears to seek to amend his complaint to reassert unlawful arrest and malicious prosecution claims under the Fourth Amendment (first and fourth causes of action) and retaliation and free speech claims under the First Amendment (second and third causes of action) against Defendants in their personal

capacities. These claims have been dismissed with prejudice. They should not have been included in the proposed second amended complaint.

The Court should, accordingly, deny Mr. Brown's motion with respect to his proposed first through fourth causes of action asserted under § 1983.[2]

## **CONCLUSION**

The Court should deny Mr. Brown's motion with respect to his proposed first through fourth causes of action under § 1983.

---

[2] It is unclear whether Mr. Brown proposed asserting his first through fourth causes of action against the individual Defendants in their official capacities. To the extent he did, those claims should not be permitted.

Although the Court's order dismissing the First and Fourth Amendment claims addressed those claims against Defendants in their personal capacities, in footnote 173, the Court recognized that this dismissal also required dismissal of the First and Fourth Amendment supervisory claims against Senator McCay *with* prejudice. Accordingly, Mr. Brown should not be permitted to include such a claim in his proposed second amended complaint to the extent he proposed doing so.

And, for similar reasons to those articulated by the Court in Footnote 173, in light of the dismissal of the First and Fourth Amendment with prejudice, Mr. Brown cannot assert those claims against Defendants in their official capacities. Such claims would only be proper to the extent they sought injunctive or declaratory relief regarding the constitutional violations alleged in those claims. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (explaining, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State"). But, because the Court's dismissal was based in part on the inability to establish a constitutional violation, Mr. Brown cannot obtain injunctive or declaratory relief through the same claims. See *Vann v. Oklahoma State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001) ("By definition, . . . injunctive relief . . . cannot be obtained in a § 1983 proceeding unless [the plaintiff] has first shown a constitutional violation.").

DATED this 1st day of November, 2023.

                                                SNOW CHRISTENSEN & MARTINEAU

                                                */s/ Dani Cepernich*
                                                Nathan Skeen
                                                Dani Cepernich

                                                OFFICE OF THE UTAH ATTORNEY GENERAL

                                                Kyle Kaiser
                                                Assistant Utah Attorney General

                                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2023, I electronically filed the foregoing **MEMORANDUM OPPOSING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 49)** with the Clerk of the Court using the CM/ECF System, which sent a copy to the following:

> Aaron P. Dodd
> Fillmore Spencer LLC
> 3301 No. University Avenue
> Provo, UT  84604
> adodd@fslaw.com

*/s/ Shelly Deal*