Aaron P. Dodd (Bar No. 10239)
**FILLMORE SPENCER, LLC**
3301 North University Ave.
Provo, Utah 84604
Telephone: (801) 426-8200
adodd@fslaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MIKEL RAY BROWN**, <br><br> Plaintiff, <br><br> vs. <br><br> **DARRELL GRIGGS**, ET AL., <br><br> Defendants. | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT <br><br> Case No. 1:22-cv-00091 <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiff submits this reply to his motion for leave to file a second amended complaint (Dkt. No. 49) and in response to Defendants opposition (Dkt. No. 51). The Court should grant Plaintiff's motion and permit him to amend his complaint as to all causes of action, as a failure to do so would be miscarriage of justice. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Given the facts and history in this case, justice will be served by allowing Plaintiff to file the second amended complaint.

1

## RESPONSE TO DEFENDANTS BACKGROUND

Defendants allege many "facts" that the Court subsequently relied on in granting the dismissal, which "facts" are demonstrably not accurate (as shown in the video provided to the Court by Defendants; Dkt. 23-1, Defendants' Motion to Dismiss, Exhibits 2, 4, conventionally filed with the court). Defendants assert that the "Utah Senate had a rule prohibiting the display of stickers during a hearing." (Dkt. No. 51 pg. 2). This assertion is not correct as no such rule existed at the time at issue and no such rule exists now. Plaintiff has now provided the current Senate and House rules and none of those rules prohibit stickers or clothing with political messages. Further, the only rules that address the matter at hand were not passed until February of 2023, a year after the events in question. In addition, it appears such rules were passed in light of the arrest of the Plaintiff. The senate Rules in effect in 2022 are not available online; however, there was no senate rule prohibiting wearing a sticker of clothing with a political message in March of 2022 when the Plaintiff was at the Senate Committee hearing, and Defendants are unable to provide the Court with any such rule.

Moreover, the assertion that Plaintiff displayed stickers and refused to put them away after being told he had to put them away, is also incorrect. (Dkt. No. 51 pg. 2) A careful review of all video evidence shows that Plaintiff did not display the stickers after being told to put them away and that he fully complied with the nonexistent "rule". (Dkt. 23-1, Defendants' Motion to Dismiss, Exhibits 2, 4, conventionally filed with the court). Defendants further assert that "When the chair of the committee told the attendees that he had to suspend the meeting because people were not following the rules, Mr. Brown was still displaying a sticker and refused to relinquish them to law enforcement." (Dkt. No. 51 pg. 2). Again, this is not accurate. The

video evidence clearly shows that Mr. Brown did not have any stickers displayed at the time the Committee chair was speaking or when approached by law enforcement during the meeting. Further, the video evidence clearly shows that Mr. Brown was explicitly told that he could put the stickers away and that he did not have to relinquish them or give them to law enforcement. The video evidence clearly shows that the Plaintiff was in full compliance with these unconstitutional demands and it appears that the only reason he was arrested was in retaliation for his questioning of their authority to force him to put away a sticker and for questioning Sgt. In Arms Griggs why he was allowed to wear political signs and symbols, such as the Ukraine Flag, when they were not allowing other people to have a political symbol.

    These facts have now been clearly pleaded in Plaintiff's second amended complaint and are supported by the video evidence in the case. The incorrect "facts" and the non-existent rule alleged by the Defendants were relied upon by the Court in its decision to dismiss Plaintiff's original complaint. Justice requires allowing Plaintiff to file the second amended complaint because the "facts" were wrong and Plaintiff did not violate a non-existent rule.

    Defendants correctly stated that Plaintiff had been acting *pro se* since filing this case on July 15, 2022. Plaintiff, *pro se*, filed the Verified Complaint (Dkt. No. 1) and an Amended Verified Complaint (Dkt. No. 25), and responded to Defendants' Motion to Dismiss (Dkt. No. 34) without the assistance of Counsel. However, in regard to Magistrate Judge Romero's report and recommendation filed on August 8, 2023, (Dkt. No. 44) Plaintiff did not receive this document via email at the time it was filed, because Plaintiff stopped using the email address that was previously provided to the Court. Plaintiff, acting *pro se*, filed his objection

to the motion to dismiss on November 4, 2022, more than 10 months prior to the recommendation being filed. (Dkt. No. 35). Plaintiff did not check his old email until very late in the day on Friday August 18, 2023, when he first saw Magistrate Judge Romero's report and recommendation, and by that time, he had until August 22, 2023 to respond. Counsel for Plaintiff entered an appearance on August 22, 2023, and filed a brief objection and informed the Court that counsel for the Plaintiff did not have any of the videos that were on file with the Court and requested time to get the videos and to review them. Plaintiff, although he had the assistance of counsel in filing the objection to Magistrate Judge Romero's report and recommendation, counsel was not able to argue the specific factual and legal issues with the specificity required for a de novo review because Counsel did not have the multiple videos relied upon by Defendants in addressing the alleged "facts" and Counsel did not have sufficient time to review Magistrate Judge Romero's report and recommendation and compare with the multiple videos.

Defendants do not assert that Plaintiff should not be allowed to file the second amended complaint as it relates to a number of the causes of action. In fact, Defendants concede that an amendment should be permitted. Defendants only argue that the causes of action that were dismissed with prejudice should not be allowed to be amended.

## ARGUMENT

Defendants concede that Plaintiffs should be permitted to file a second amended complaint, and only object to the causes of action that were dismissed with prejudice. If Plaintiff is not allowed to file the second amended complaint in its entirety, it would be a miscarriage of justice and a violation of 10th Circuit precedent.

Although Plaintiff is not currently *pro se*, he was *pro se* from the beginning of this case until just recently and his initial complaint, amended complaint and all pleadings related to the Motion to Dismiss were handled by Plaintiff while he was *pro se*. The United States Supreme Court has held that "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972)). This has been reaffirmed by the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

The lenient approach to *pro se* pleadings and the court's leniency to allow amendments has also been reaffirmed by the 10th Circuit numerous times. "The Tenth Circuit Court of Appeals interprets Rule 15(a) as providing litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)); *see also Back v. ConocoPhillips Co.*., 2012 U.S. Dist. LEXIS 184392, 2012 WL 6846397, at *10 (D.N.M. 2012) (the Tenth Circuit has held that trial courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim); *Baker v. Bank of N.Y. Mellon* (In re Baker), Nos. 09-12997 t13, 11-1131, 2013 Bankr. LEXIS 1249, at *4-6 (Bankr. D.N.M. Mar. 27, 2013).

"Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. When the plaintiff is proceeding *pro se* the court must liberally construe the

complaint, and apply a standard less stringent than that which is applicable to a complaint filed by lawyers." *Walton v. Shanelec*, 19 F. Supp. 2d 1209, 1211 (D. Kan. 1998). Further, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

The *Oxendine* case is similar to the *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) case cited by Plaintiff in the Objection to Report and Recommendation (Dkt. No. 47 pg. 2). The Court stated in a footnote in the Memorandum Decision and Order Adopting Report and Recommendation (Dkt. No. 48 pg. 20) that the standard articulated *Curley v. Perry* did not govern because *Curley* considered a dismissal sua sponte under 28 U.S.C. §1915(e)(2). However, this same standard is articulated in *Oxendine* which considered a Rule 12(b)(6) motion to dismiss filed by the defendants and not a sua sponte dismissal under 28 U.S.C. §1915(e)(2). Based on *Oxendine,* Plaintiff must be given an opportunity to amend the complaint if amendment would not be futile.

Plaintiff has alleged facts in his second amended complaint that would survive a 12(b)(6) motion to dismiss as to his first, second, third, and fourth causes of action under § 1983. Because of this, an amendment would not be futile and under *Oxendine* Plaintiff should be permitted to amend his complaint as to all causes of action. In the Memorandum Decision and Order Adopting Report and Recommendation (Dkt. No. 48 pg. 20) the Court stated "Thirty days from today, the court will direct the Clerk of Court to close the case unless Brown has filed a motion seeking leave to file a second amended complaint. Motions seeking leave to amend must comply with DUCivR 15-1." Based on the Memorandum Decision and

Order Adopting Report and Recommendation, all the claims were going to be dismissed, some with prejudice and some without.

Regarding the claims dismissed with prejudice, the Court relied on erroneous "facts" that are contradicted by the videos, and the Court relied on a non-existent rule. Plaintiff has now alleged the actual facts substantiated by the videos that are on file with the Court, and such evidence would change the analysis and outcome of this Court's decision to dismiss certain counts with prejudice.

It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, Civil 2d § 1483 (West 1990). Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

Under the standard cited in *Reynoldson v. Shillinger,* it appears that a dismissal without prejudice to all claims would have been the appropriate course. When considering that Defendants' "facts" were wrong and that Plaintiff violated no articulable rule, Plaintiff should be allowed to filed his second amended complaint.

The underlying policy of Fed. R. Civ. P. 15(a)(2) requires that Plaintiff be granted an

opportunity to correct the pleading deficiencies identified by the Court in dismissing Plaintiff's claims without prejudice. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182.

In this case, there is no evidence of undue delay, bad faith, or dilatory motive by Plaintiff. There is also no prejudice to Defendants if Plaintiff is granted leave to file the second amended complaint, as fact discovery has not commenced and Defendants have not filed an answer. Although Plaintiff filed an amended complaint *pro se*, this is Plaintiff's first opportunity to file an amended complaint with the help of counsel, in order to cure the pleading deficiencies. Defendants will not be prejudiced as Defendant will have ample opportunity to meet the allegations in a Second Amended Complaint. In fact, Defendants have conceded that the complaint could be amended as to many of the claims, and only object to the claims that the Court said would be dismissed with prejudice. Defendants also are not willing to file an answer at this time as Defendants warned that they would seek to file a dispositive motion as to futility on the new proposed amended complaint. (Dkt. No. 51 pg. 1 footnote 1). Since Defendants plan to file another dispositive motion, Plaintiff should be allowed to address the actual facts and actual rules, thereby allowing the Court to address the

legal merits of the new factual allegations to be argued with the support of counsel.

The Court granted the motion to dismiss for Plaintiff's failure to specifically plead factual allegations and legal issues showing that there are valid claims. The proposed Second Amended Complaint corrects the prior deficiencies, as Plaintiff sets forth detailed facts showing that Plaintiff's rights were violated, and that he is entitled to relief.

Because Plaintiff's claims were dismissed on easily-corrected technical grounds, specifically for failing to set forth sufficient facts and how the law applies to those facts, Plaintiff must be allowed an opportunity to correct these deficiencies by filing this Second Amended Complaint.

## CONCLUSION

Plaintiff's rights were violated and he seeks redress under 42 U.S.C. § 1983 for the damages caused by Defendants. Considering the important interests at stake and the clear policy of Rule 15(a)(2) promoting decisions on the merits, justice requires that the Court freely grant Plaintiff leave to amend his Verified Amended Complaint.

DATED this 15th day of November, 2023.

**Fillmore Spencer, LLC**

/s/ Aaron P. Dodd
Aaron P. Dodd
3301 N. University Ave.
Provo, UT 84604
Phone: (801) 426-8200
adodd@fslaw.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** has been served via the court's electronic filing system, on this 15th day of November, 2023 to the parties of record:

                                       /s/ Aaron P. Dodd