IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIKEL RAY BROWN, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00091-RJS-CMR |
| DARRELL GRIGGS, et al., | Chief Judge Robert J. Shelby |
| Defendants. | Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Mikel Ray Brown's Motion for Leave to File a Second Amended Complaint[1] against the Utah State Legislature; Utah Senate Sergeant-at-Arms Darrell Griggs; Utah Senator Daniel McCay; the State of Utah, "acting through the Utah Highway Patrol" (UHP); UPH Superintendent Michael Rapich; UPH Officers Seth Dalton, Greg Holley, Wade Breur, Roger Daniels, and Ernest Peterson; and John and Jane Does 1–10.[2] As outlined below, the court GRANTS IN PART and DENIES IN PART Brown's Motion.

## BACKGROUND

On July 15, 2022, Brown filed a pro se Complaint against Officers Griggs, Dalton, Holley, Breur, Daniels, and Peterson (the Officer Defendants), as well as UHP.[3] The Complaint alleged eleven causes of action arising out of a March 2022 incident in which they arrested

---

[1] ECF 49, *Plaintiff's Motion for Leave to File Second Amended Complaint*.

[2] Officer Griggs, Senator McCay, Superintendent Rapich, and Officers Dalton, Holley, Breur, Daniels, and Peterson are presently Defendants in this matter. *See* ECF 50-2, *Errata Proposed Second Amended Complaint* at 1. The Utah State Legislature, the State of Utah, and John and Jane Does 1–10 are proposed Defendants who are not currently parties to this matter. *See id.*

[3] ECF 1, *Verified Complaint and Petition for Declaratory Judgment*; *see also* ECF 3, *Errata Verified Complaint and Petition for Declaratory Judgment*.

Brown for wearing political apparel while he attended a Utah State Senate committee meeting.[4]

Defendants filed a Motion to Dismiss the Complaint under Federal Rule of Civil

Procedure 12(b)(6),[5] and Brown responded by filing his First Amended Complaint (FAC).[6]  The

FAC removed UPH as a Defendant, added Senator McCay and Superintendent Rapich as

Defendants, and alleged the following seven causes of action:

1. unlawful arrest in violation of the Fourth Amendment (against all Defendants);
2. retaliatory arrest in violation of the First and Fourteenth Amendments (against all Defendants);
3. violation of Fifth and Fourteenth Amendment equal protection, (against all Defendants);
4. denial of assistance of counsel and other criminal prosecution-related rights in violation of the Sixth and Fourteenth Amendments (against Officers Dalton, Holley, Breur, Daniels, and Peterson, Senator McCay, and Superintendent Rapich);
5. false imprisonment (against Officers Dalton, Holley, Breur, Daniels, and Peterson);
6. malicious prosecution (against Officers Dalton, Holley, Breur, Daniels, and Peterson);
7. aggravated assault, battery, and harassment (against Officers Dalton, Holley, Breur, Daniels, and Peterson).[7]

Thereafter, the court denied as moot Defendants' pending Motion to Dismiss Brown's

Complaint[8] and Defendants filed a Motion to Dismiss Brown's FAC.[9]

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the Motion to Magistrate Judge

Cecilia M. Romero who issued a Report recommending the court dismiss the FAC in its

---

[4] *See* ECF 3 ¶¶ 15–65.

[5] *See* ECF 23, *Defendants' Motion to Dismiss.*

[6] *See* ECF 25, *Verified Complaint for Compensatory Damages, Injunctive and Declaratory Relief, and Demand for Trial by Jury.*

[7] *Compare* ECF 3 ¶¶ 1–11, 66–123 *and* ECF 25 ¶¶ 1–9, 123–62.

[8] *See* ECF 33, *Order Denying as Moot Defendants' Motion to Dismiss.*

[9] *See* ECF 34, *Defendants' Motion to Dismiss and Memorandum in Support.*

entirety.[10]  The Report first noted the FAC named all Defendants in both their official and

personal capacities, except for Superintendent Rapich, whom Brown sued in his official capacity

only.[11]  Judge Romero explained that official capacity claims are treated as claims against an

official's employer, and Brown failed to name Defendants' employer (the State of Utah) as a

party.[12]  Accordingly, she recommended dismissing all of Brown's official capacity claims

without prejudice.[13]  Next, the Report addressed Brown's personal capacity claims against

Senator McCay.[14]  Judge Romero concluded legislative immunity applied to Senator McCay's

actions and recommended dismissing all personal capacity claims against him without

prejudice.[15]  Lastly, Judge Romero evaluated each of Brown's personal capacity claims against

the Officer Defendants.[16]

Brown's first cause of action asserted he was entitled to relief under 42 U.S.C. § 1983

because the Officer Defendants violated his Fourth Amendment rights by arresting him without

probable cause.[17]  After a thorough review of the Amended Complaint and relevant caselaw,

Judge Romero concluded Brown failed to plead a plausible Fourth Amendment violation because

he did not allege facts from which the court could reasonably infer the Officer Defendants lacked

probable cause to arrest him.[18]  She also concluded Brown had not shown his asserted right was

---

[10] *See* ECF 44, *Report & Recommendation Re: ECF 34 and Order Denying ECF 41*, at 28–29.

[11] *Id.* at 8.

[12] *Id.*

[13] *Id.* at 9–10.

[14] *Id.* at 10–12.

[15] *Id.* at 11–12.

[16] *Id.* at 12.

[17] ECF 25 ¶ 124–25.

[18] ECF 44 at 12–16.

clearly established.[19]  As a result, Judge Romero concluded the Officer Defendants were entitled to qualified immunity and recommended dismissing Brown's Fourth Amendment unlawful arrest claims against them in their personal capacities with prejudice.[20]

Brown's second cause of action argued he was entitled to relief under § 1983 because the Officer Defendants violated his First and Fourteenth Amendment rights "to engage in free speech on an equal basis with other citizens" by arresting him in retaliation for his expressive activities.[21]  The Officer Defendants argued they were entitled to qualified immunity on the First Amendment claim,[22] and Judge Romero agreed.[23]  She concluded Brown had not alleged sufficient facts to support a First Amendment retaliation claim because he had not alleged facts showing either the Officer Defendants lacked probable cause or he was treated differently than similarly situated individuals.[24]  She also concluded Brown had not shown his asserted right was clearly established.[25]  Judge Romero thus recommended dismissing Brown's First Amendment retaliatory arrest claims against the Officer Defendants in their personal capacities with prejudice.[26]  With respect to Brown's Fourteenth Amendment claims, Judge Romero concluded Brown failed to plead sufficient facts in support of his claim.[27]  Because this failure was curable by amendment, she recommended dismissing his retaliatory arrest claims against the Officer

---

[19] *Id.* at 16–18.

[20] *Id.* at 18.  *See also id.* at 29 n.13 (stating dismissal with prejudice is appropriate where qualified immunity applies).

[21] ECF 25 ¶ 130–31.

[22] ECF 34 at 30–34.

[23] ECF 44 at 19–20.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 22.

[27] *Id.* 20–21.

Defendants in their personal capacities without prejudice in so far as they were predicated on the Fourteenth Amendment.[28]

Brown's third and fourth causes of action further argued he was entitled to relief under § 1983 because the Officer Defendants violated the Fourteenth Amendment, as well as the Fifth and Sixth Amendments.[29]  As with Brown's prior Fourteenth Amendment claims, Judge Romero recommended dismissing these Fourteenth Amendment claims without prejudice.[30]  However, she recommended dismissing Brown's Fifth and Sixth Amendment claims with prejudice.[31]

Having recommended that all federal claims be dismissed, Judge Romero also recommended dismissing various state law claims raised in Brown's fifth, sixth, and seventh causes of action without prejudice.[32]

Brown, with the assistance of counsel,[33] filed an Objection to Judge Romero's Report asking the court to reject her recommendations and deny Defendants' Motion to Dismiss.[34]  The court reviewed the Objection and concluded it did not warrant de novo review because it did not "focus the 'court's attention on the factual and legal issues . . . truly in dispute.'"[35]  Accordingly, the court concluded Judge Romero did not clearly err and issued an Order adopting the Report with only one modification—it dismissed Brown's First, Fourth, Fifth, and Sixth Amendment

---

[28] *Id.* at 22.

[29] ECF 25 ¶¶ 135–148.

[30] ECF 44 at 22–25.

[31] *Id.*

[32] *Id.* at 25–26.

[33] Brown's counsel first entered an appearance on August 22, 2023, the same day he filed his Objection.  *See* ECF 46, *Notion of Appearance of Counsel*; ECF 47, *Objection to Report & Recommendation Re: ECF 34 and Order Denying ECF 41*.  Counsel continues to represent Brown in this proceeding.

[34] ECF 47 at 6.

[35] ECF 48, *Memorandum Decision and Order Adopting Report and Recommendation* at 19 (quoting *United States v. 2121 E. 30th St.*, 73. F.3d 1057, 1060 (10th Cir. 1996)).

claims against Senator McCay in his personal capacity *with* prejudice.[36]  Additionally, the court

permitted Brown to file a motion seeking leave to file a second amended complaint within 30

days of its Order.[37]

Brown timely filed the present Motion for Leave to File a Second Amended Complaint

under Federal Rule of Civil Procedure 15(a)(2) on October 18, 2023.[38]  Consistent with

DUCivR 15-1, Brown contemporaneously filed a proposed Second Amended Complaint

(SAC).[39]  Brown's SAC seeks to (a) add the Utah Legislature, "the State of Utah, acting through

the [UPH]," and "John and Jane Does 1–10" as Defendants, (b) revise and supplement his factual

allegations, (c) alter his requested relief, and (d) allege seven revised causes of action:

1. unlawful arrest in violation of the Fourth Amendment and Utah
   Const. art. I § 14 (against all Defendants);
2. retaliatory arrest in violation of the First Amendment and Utah
   Const. art. I §§ 1 and 15 (against all Defendants);
3. stifling speech in violation of the First Amendment and Utah
   Const. art. I §§ 1 and 15 (against all Defendants);
4. malicious prosecution in violation of the Fourth Amendment and
   Utah Const. art. I § 14 (against Officer Griggs);
5. excessive force (against Officers Dalton, Holley, Breur, Daniels,
   and Peterson);
6. violation of Fourteenth Amendment equal protection and Utah
   Const. art. I §§ 2 and 24 (against all Defendants); and
7. a constitutional challenge to legislative rules limiting the public
   display of political apparel (against all Defendants).[40]

Like the FAC, the SAC brings each applicable cause of action against the individual Defendants

in both their personal and official capacities, except Superintendent Rapich, who Brown sues in

---

[36] ECF 48 at 19–20 n. 173.

[37] *Id.*

[38] *See* ECF 49, *Plaintiff's Motion for Leave to File Second Amended Complaint*; *see also* ECF 50, *Plaintiff's Notice of Errata*.

[39] *See* ECF 50-1, *Errata Red Line Proposed Second Amended Complaint*; ECF 50-2.

[40] *See generally* ECF 50-1 (redlined version of Brown's proposed SAC comparing it with the FAC).

his official capacity only.[41]  The Motion is fully briefed and ripe for review.[42]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires."  This is a liberal standard subject to few exceptions. As articulated by the Supreme Court in *Foman v. Davis*:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules requires, be 'freely given.'[43]

Nevertheless, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[44]

## ANALYSIS

In their Response to Brown's Motion for Leave to File a Second Amended Complaint, Defendants do not argue the court should deny the Motion outright.[45]  Defendants argue only that

---

[41] *See* ECF 50-2 ¶¶ 5–12.  Defendants assert that Brown's SAC removes his personal capacity claims against McCay.  *See* ECF 51, *Memorandum Opposing Motion for Leave to File Second Amended Complaint* at 3.  Brown's Reply does not comment on this contention and the court observes, consistent with Defendants' position, that the caption to Brown's SAC removes language indicating Brown's claims are brought against McCay in his official capacity.  *See* ECF 50-1 at 2.  However, Brown's SAC separately states that McCay is "sued [] in his individual and official capacities."  ECF 50-2 ¶ 6.  In the interest of fairness, the court interprets the SAC as brought against Senator McCay in both his personal and official capacities.

[42] *See* ECF 51; ECF 52, *Reply Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended Complaint*.

[43] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[44] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[45] ECF 51 at 1, 5.

the court should deny Brown's Motion with respect to his first, second, third, and fourth proposed causes of action, each of which state a claim for relief under 42 U.S.C. § 1983.[46]

Examining Defendants' argument, the court first considers Brown's first through fourth proposed causes of action insofar as they are brought against the Utah State Legislature, the State of Utah, and the individual Defendants in their official capacities.  The court then considers Brown's first through fourth proposed causes of action insofar as they are brought against the individual Defendants in their personal capacities.

I.     **Brown's Claims Against the Utah State Legislature, the State of Utah, and the Individual Defendants Acting In Their Official Capacities Are Futile.**

Under § 1983, an individual may sue any "person" who, acting "under color of state law," violates their federal rights.  Interpreting this provision in combination with Eleventh Amendment sovereign immunity, however, the Supreme Court has held that neither a state nor a state agency is a person amenable to suit under § 1983.[47]  The Court has similarly held that a state employee acting in their official capacity, when sued for retroactive relief such as damages, is not a person under § 1983.[48]  This is because an official-capacity suit for damages is analogous to a "suit against the State itself."[49]  By contrast, a state employee acting in their official capacity, when sued for prospective relief such as an injunction or declaratory judgment, is a person under § 1983.[50]

Because neither the State of Utah nor the Utah State Legislature—a division of the

---

[46] *Id.*

[47] *Will v. Michigan Dep't State Police*, 491 U.S. 58, 71 (1989); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

[48] *Id.*

[49] *Will*, 491 U.S. at 71.

[50] *Id.* at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

State—are people subject to suit under § 1983, Brown's claims against them would be subject to dismissal upon their submission to the court.[51]  Brown's official capacity claims against the Officer Defendants, Senator McCay, and Superintendent Rapich would similarly be subject to dismissal if included in an amended complaint.  Because these individuals are each employed by various divisions of the State of Utah, such claims would only be viable to the extent they request prospective relief.  However, Brown's first through fourth proposed causes of action do not request prospective relief.[52]  Rather, they request retroactive relief to compensate Brown for injuries he allegedly suffered as a result of Defendants' deprivation of his federal and state constitutional rights.[53]  In his Prayer for Relief, Brown separately asks the court to issue a declaratory judgment deeming certain rules restricting the public's ability to display political messages unconstitutional.[54]  But this request seems uniquely concerned with his seventh cause of action—a constitutional challenge to the relevant rules.[55]  It is unclear how such a judgment would remedy the injuries detailed in his first through fourth proposed causes of action.[56]

Because it is futile to allow Brown to file an amended complaint containing claims he cannot legally maintain, the court concludes Brown may not bring his first through fourth

---

[51] Brown does not dispute the Utah Legislature is an arm of the state subject to Eleventh Amendment sovereign immunity.  *See, e.g.*, ECF 50-2 ¶¶ 2–4.

[52] *See e.g.*, *id.* ¶¶ 231–33, 244–46, 254–55, 265–67.  Arguing the Eleventh Amendment bars these claims, Defendants do not look to Brown's requested relief, as the court does here.  ECF 51 at 5 n. 2.  Instead, Defendants reason that Brown's causes of action fail because he was previously unable to establish the constitutional violations necessary to entitle him to relief.  *Id.* The court need not consider this argument because it concludes Brown does not request prospective relief in connection with his first through fourth proposed causes of action.

[53] ECF 50-2 ¶¶ 231–33.

[54] *See id.* at 69–70.

[55] *See id.* ¶¶ 294–300.

[56] In any case, it is not clear a declaratory judgment would be a legally proper remedy for the injuries alleged in Brown's first through fourth proposed causes of action.  *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (explaining that because a plaintiff did not allege a real and immediate threat that he would again experience the injuries that formed the basis of his complaint, he did not demonstrate the "actual controversy that must exist for a declaratory judgment to be entered").

proposed causes of action against the Utah State Legislature, the State of Utah, and the individual Defendants in their official capacities.[57]

## II.    Brown May Not Reassert Personal Capacity Claims the Court Previously Dismissed With Prejudice.

Although Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings, a separate legal concept concerns a plaintiff's ability to reassert causes of action which a court previously dismissed.  Under Federal Rule of Civil Procedure 41(b), a court's dismissal of a plaintiff's claim "operates an adjudication upon the merits" unless a court otherwise specifies, or the dismissal is for lack of jurisdiction, improper venue, or failure to join a party under Federal Rule of Civil Procedure 19.  And the effect of a such a dismissal is that a plaintiff cannot refile the dismissed claim in the same court.[58]

Applying this rule, Defendants argue Brown may not allege his first through fourth proposed causes of action against Defendants in their personal capacities.[59]  Brown does not dispute this argument,[60] and the court partially agrees.  To the extent the court's Order Adopting Judge Romero's Report dismissed claims from Brown's FAC with prejudice, the court has already adjudicated the merits of the claims and Brown may not reassert them in this court.[61]

---

[57] The court recognizes that Judge Romero's Report did not recommend dismissing Brown's official-capacity claims against the Officer Defendants, Senator McCay, and Superintendent Rapich on Eleventh Amendment immunity grounds.  ECF 44 at 8–10.  Rather, the Report recommended dismissing the claims because precedent required the court to treat them as claims against the State of Utah, and Brown failed to name the State of Utah as a Defendant in his FAC.  *See id.*  In its Order Adopting Judge Romero's Report, however, the court noted "that § 1983 does not abrogate a state's Eleventh Amendment immunity."  ECF 48 at 8 n. 76.

[58] *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 858–89 (10th Cir. 2004) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–05 (2001).

[59] ECF 51 at 4–5.

[60] *See, e.g.*, ECF 52 at 7 (arguing instead "that a dismissal without prejudice to all claims would have been the appropriate course").  If Brown believes, as his briefing indicates, that the court erred by dismissing some of the claims contained in his FAC with prejudice, appropriate recourse is not through a motion under Federal Rule of Civil Procedure 15.

[61] *See Styskal*, 365 F.3d at 859 (equating "dismissal with prejudice" to "adjudication upon the merits").

For example, Brown's first proposed cause of action alleges the Officer Defendants and Senator McCay, acting in their personal capacities, violated his Fourth Amendment right to be free from unreasonable seizures by "collaborat[ing] in causing his arrest and seizure, without probable cause to believe he had violated any law . . . ."[62]  This is the exact constitutional violation underlying the Fourth Amendment unlawful arrest claims the court previously dismissed with prejudice.[63]  Likewise, Brown's second proposed cause of action alleges the Officer Defendants and Senator McCay, acting in their personal capacities, violated Brown's First Amendment rights by "caus[ing] his seizure, without probable cause because of the message conveyed by [his expressive activities] . . . ."[64]  This claim mirrors the First Amendment retaliatory arrest claims the court previously dismissed with prejudice.[65]

Nevertheless, Brown may assert claims which allege new constitutional violations outside the scope of the court's Order.[66]  Relevant here, Brown's third proposed cause of action alleges the Officer Defendants and Senator McCay violated Brown's First Amendment rights.[67]  Unlike the second proposed cause of action, however, it does not allege Defendants violated Brown's First Amendment rights by arresting him in retaliation for his speech activity.  Instead, it more generally alleges the Officer Defendants and Senator McCay, acting in their personal capacities, "enacted and enforced unwritten Senate Rules that prohibited [political apparel]"

---

[62] ECF 50-2 ¶ 226.

[63] *See* ECF 48 at 9, 19–22.

[64] ECF 50-2 ¶ 241.

[65] ECF 48 at 9–10, 19–20.

[66] Although Defendants broadly argue the court must deny Brown's Motion with respect to each of his first through fourth proposed causes of action against Defendants in their personal capacities, they fail to map the similarities and differences between the Fourth and First Amendment claims the court previously dismissed with prejudice and Brown's proposed causes of actions.  *See* ECF 51 at 4–5.

[67] ECF 50-2 ¶¶ 248–56.

without any "legitimate government purpose for banning such speech," and instead for the unlawful purpose of "stif[ling]" Brown's "protected free speech and or conduct."[68]  Similarly, Brown's fourth cause of action alleges Griggs, acting in his personal capacity, violated the Fourth Amendment.[69]  Beyond alleging Griggs committed an unlawful arrest, however, Brown alleges Griggs violated his "constitutional federal right not to be subjected to malicious prosecution, including his right to be free from falsified evidence."[70]  The court interprets these causes of action to allege Fourth and First Amendment claims separate and distinct from Brown's unlawful arrest and retaliatory arrest claims.

Accordingly, the court concludes its Order dismissing the unlawful arrest claims and retaliatory arrest claims contained in Brown's FAC with prejudice bars him from relitigating these specific constitutional questions.  However, the Order does not bar him from alleging new Fourth and First Amendment violations.  As a result, Brown may not bring his first and second proposed causes of action against the Officer Defendants and McCay in their personal capacities, but he may bring his third and fourth causes of action against the Officer Defendants and Senator McCay in their personal capacities.[71]  Brown has not previously had an opportunity to litigate the merits of these claims, and absent Defendants' further objection, the court will "afford[] [him] an opportunity" to do so.[72]

---

[68] *Id.* ¶¶ 249, 252–53.

[69] *Id.* ¶¶ 257–68.

[70] *Id.* ¶ 260.

[71] Brown's first through fourth proposed causes of action each state a claim for relief under § 1983 for violations of the United States Constitution *and* the Utah Constitution.  *See id.* ¶¶ 233, 246, 255, 267.  However, § 1983 does not create a cause of action for state law violations.  *See, e.g.*, *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017).  As a result, Brown's state law allegations do not alter the court's conclusion.

[72] *Foman*, 371 U.S. at 182.

## CONCLUSION

For the reasons stated, the court DENIES Brown's Motion for Leave to File a Second Amended Complaint[73] with respect to his first through fourth proposed causes of action against the Utah Legislature and the State of Utah, as well as his first through fourth proposed causes of action against the Officer Defendants, Senator McCay, and Superintendent Rapich in their official capacities.  The court further DENIES Brown's Motion with respect to his first and second causes of action against the Officer Defendants and Senator McCay in their personal capacities.

The court GRANTS Brown's Motion with respect to his third and fourth causes of action against the Officer Defendants and Senator McCay in their personal capacities, as well as the remaining revisions in his proposed SAC.  Brown has 30 days to file a revised Amended Complaint consistent with this Order.  Failure to do so will result in the court directing the Clerk of Court to close the case.

SO ORDERED this 17th of May 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[73] ECF 49.