IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIKEL RAY BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>DARRELL GRIGGS, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00091-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants' Motion for Judgment on the Pleadings (Motion).[1] For the reasons explained below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[2]

This case concerns Plaintiff Mikel Ray Brown's alleged arrest and removal from Utah State Legislature proceedings on March 1, 2022.[3] Brown brought an action against various individual Defendants, the Utah State Legislature, and the State of Utah challenging these actions and the constitutionality of certain legislative rules and policies.[4] The court previously provided a detailed recitation of the facts as alleged by Brown, which the court incorporates by reference.[5] As is relevant to the instant dispute, Brown's Fifth Cause of Action asserts that the legislative rules leading to his removal are unconstitutional on their face and as applied to him.[6]

---

[1] Dkt. 72, *Motion for Judgment on the Pleadings on Mr. Brown's Fifth Cause of Action* (*Motion*).

[2] The court must accept as true all well-pleaded factual allegations in the Complaint when considering a motion for judgment on the pleadings. *See, e.g.*, *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1171 (10th Cir. 2016).

[3] *See* Dkt. 56, *Second Amended Complaint and Demand for Trial by Jury* (*Complaint*).

[4] *Id.*

[5] Dkt. 63, *Memorandum Decision and Order*.

[6] *Complaint* at 63.

1

Brown alleges no legislative rule "specifically prohibits political stickers or clothing," but "an unwritten policy or rule" exists that "is still being erratically enforced by the legislature."[7] Brown seeks a declaratory judgment declaring unconstitutional "the rules as written"[8] and "the unwritten rule or policy banning all political stickers or clothing."[9]

Defendants moved for judgment on the pleadings on Brown's Fifth Cause of Action on July 15, 2025.[10] The Motion is fully briefed and ripe for review.[11]

## LEGAL STANDARD

The court evaluates a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings using the same standard that applies to a Rule 12(b)(6) motion.[12] Under Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted."[13] "To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] The court should deny a motion for judgment on the pleadings "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[15]

---

[7] *Id.* ¶ 270.

[8] *Id.* ¶ 275.

[9] *Id.* at 64.

[10] *See Motion*.

[11] *See* Dkt. 78, *Opposition to Defendants' Motion for Judgment on the Pleadings on Mr. Brown's Fifth Cause of Action* (*Opposition*); Dkt. 81, *Reply Memorandum Supporting Motion for Judgment on the Pleadings on Mr. Brown's Fifth Cause of Action* (*Reply*).

[12] *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1302 (10th Cir. 2021).

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Crane*, 15 F.4th at 1302–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citation modified).

[15] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (citation modified).

## ANALYSIS

The resolution of Defendants' Motion hinges on an ambiguity in the Complaint. Defendants direct the bulk of their Motion toward arguing that the Legislature's so-called "No-Sign Rule" is constitutional.[16] According to Defendants, the No-Sign Rule is a written Utah House and Senate Rule—enacted in 2023, after the incident involving Brown—banning individuals from bringing signs, posters, banners, or placards into legislative committee meetings.[17] Defendants argue Brown's Fifth Cause of Action implicates the No-Sign Rule because he references the Rule's language by alleging it "does not define the words sign, banner, poster or placard."[18] And in Defendants' view, because the No-Sign Rule is constitutional, the court should enter judgment in Defendants' favor on the Fifth Cause of Action.[19]

In Opposition, Brown argues the court should deny the Motion because the Fifth Cause of Action does not challenge the No-Sign Rule.[20] Instead, according to Brown, the Fifth Cause of Action is directed toward the Legislature's "unwritten policy" prohibiting political apparel in committee meetings.[21] In Reply, Defendants contend they are entitled to dismissal of the Fifth Cause of Action "to the extent it challenges the constitutionality of the No-Sign Rule."[22] According to Defendants, Brown's argument fails to address that the Fifth Cause of Action seeks "a declaratory judgment holding that the rules *as written* are unconstitutional."[23] Defendants

---

[16] *See Motion* at 6–23.

[17] *Id.* at 1–2 (quoting Utah Legislative Rules, SR3-4-102 (2023) and Utah Legislative Rules, HR3-3-102 (2023)).

[18] *Id.* at 5 (citing *Complaint* ¶ 269).

[19] *Id.* at 2, 23.

[20] *Opposition* at 1–2, 9.

[21] *Id.* at 2.

[22] *Reply* at 1.

[23] *Id.* at 2 (quoting *Complaint* ¶ 275).

3

also point to other language in the Complaint suggesting the Complaint challenges the No-Sign Rule.[24]

The court recognizes the ambiguity present in Brown's Complaint regarding which rule or policy he seeks to challenge. Given Brown has conceded the Complaint does not challenge the No-Sign Rule, the court will grant the Motion to the extent it challenges the written Rule. But given the lack of adequate briefing regarding the unwritten policy's constitutionality, the court will deny the Motion to the extent it challenges the unwritten policy.

## CONCLUSION

For the reasons explained above, the court GRANTS IN PART and DENIES IN PART the Motion.[25] The Motion is GRANTED to the extent the Fifth Cause of Action challenges the No-Sign Rule, and the Motion is DENIED to the extent the Fifth Cause of Action challenges the alleged unwritten policy's constitutionality.

SO ORDERED this 16th day of October 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[24] *Id.* at 2–3.
[25] Dkt. 72.